IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **MARIA OLGA CASTILLO** § | |
| § | |
| **VS.** § | |
| § | **CIVIL ACTION NO.** |
| **WALMART STARCO, LLC,** § | _____ |
| **WALMART STORES TEXAS, LLC,** § | **JURY** |
| **APEX MEDICAL USA CORP.,** § | |
| **APEX MEDICAL CORP., CAREX** § | |
| **HEALTH BRANDS, INC., and** § | |
| **COMPASS HEALTH BRANDS** § | |

**NOTICE OF REMOVAL**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Defendants Walmart Starco, LLC and Wal-Mart Stores Texas, LLC (collectively "Wal-Mart") file this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1332.

### I.   INTRODUCTION

1.   Pursuant to 28 U.S.C. § 1441, *et seq.*, this civil action is removed from the 348th Judicial District Court of Tarrant County, Texas, where this matter was pending under Cause No. 348-322690-21 in a matter styled *Maria Olga Castillo vs. Walmart Starco, LLC, Walmart Stores Texas, LLC, Apex Medical USA Corp., Apex Medical Corp., Carex Health Brands, Inc., and Compass Health Brands* (the "State Court Action").

### II.   NATURE OF THE SUIT

2.   This is a negligence lawsuit alleging claims of personal injury resulting from Defendant's actions or inactions. *Plaintiff's Original Petition pp. 3-11.*

3.   Plaintiff Maria Olga Castillo alleges she was injured by a Thermipaq hot/cold wrap and/or pad allegedly purchased at a Walmart Supercenter. *Id.* at p. 3.

4. Plaintiff brought her lawsuit against Wal-Mart in the 348th Judicial District Court of Tarrant County, Texas. *See Plaintiff's Original Petition p. 1.*

### III. TIMELINESS OF REMOVAL

5. Plaintiff commenced this lawsuit by filing her Original Petition on January 5, 2021. Defendants Walmart Starco, LLC and Wal-Mart Stores Texas, LLC each accepted service on January 7, 2021 through their agent, CT Corporation. This removal is timely because it is filed less than 30 days after Wal-Mart was served. 28 U.S.C. § 1446.

### IV. BASIS FOR REMOVAL JURISDICTION

6. Removal is proper under 28 U.S.C. §§ 1441 and 1332 because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. First, there is and has been at all times relevant to this Notice of Removal, complete diversity of citizenship between Plaintiff and Defendants.

8. Plaintiff is now and was at the time of the filing of this action a legal Texas resident residing and domiciled in Grand Prairie, Tarrant County, Texas. *Plaintiff's Original Petition p. 1*. Accordingly, for diversity purposes, Plaintiff is a citizen of Texas.

9. Plaintiff sued and served Walmart Starco, LLC. Walmart Starco LLC is a Delaware Limited Liability Company with its principal place of business in Bentonville, AR. The sole member of Walmart Starco LLC is Wal-Mart Stores East, LP. Wal-Mart Stores East, LP is a Delaware limited partnership with its principal place of business located in Bentonville, Arkansas.

10. Plaintiff sued and served Wal-Mart Stores Texas, LLC. Defendant Wal-Mart Stores Texas, LLC is now and was at the time of the filing of this action a Delaware Limited Liability Company with its principal place of business in Arkansas. The citizenship of an LLC is the same as the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1080 (5th

Cir. 2008). Wal-Mart Real Estate Business Trust is the sole member of Wal-Mart Stores Texas LLC. Wal-Mart Real Estate Business Trust is a statutory business trust organized under the laws of Delaware with its principal place of business in Arkansas. Wal-Mart Property Co. is the sole trustee of Wal-Mart Real Estate Business Trust. Wal-Mart Property Co. is a Delaware corporation with its principal place of business in Arkansas. Wal-Mart Stores East, LP is the sole owner of Wal-Mart Property Co. Wal-Mart Stores East, LP is a Delaware Limited Partnership with its principal place of business in Arkansas. WSE Management, LLC is the general partner, and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP. WSE Management, LLC and WSE Investment, LLC are both Delaware Limited Liability Companies with their principal place of business in Arkansas. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC. Wal-Mart Stores East, LLC is a limited liability company organized under the laws of the State of Arkansas with its principal place of business in Arkansas. Walmart Inc. f/k/a Wal-Mart Stores, Inc., is the sole owner of Wal-Mart Stores East, LLC. Walmart Inc. is a Delaware Corporation with its principal place of business in Arkansas. Accordingly, for diversity purposes, Wal-Mart is a citizen of Delaware or Arkansas.

11. Plaintiff sued and served Apex Medical USA Corp., a citizen of California. Apex Medical USA Corp. filed special exceptions and has been nonsuited. Apex Medical USA Corp. is no longer a party to this case and its consent to removal is not required.

12. Plaintiff sued, *but did not serve*, Apex Medical Corporation. Apex Medical Corporation has not made an appearance in this case. Apex Medical Corporation is incorporated in Massachusetts, with its principal place of business in Sioux Falls, South Dakota. As such, Apex Medical Corporation is a citizen of Massachusetts or South Dakota. Walmart made multiple efforts to contact Apex Medical Corporation in order to obtain consent for removal. Walmart was unable

to locate or speak to anyone at Apex Medical Corporation with knowledge of this lawsuit or the authority to provide the requested consent.

13. Plaintiff sued and served Carex Health Brands, Inc. and Compass Health Brands. Upon information and belief, Carex Health Brands, Inc. has its principal place of business in Sioux Falls, South Dakota, and is a citizen of South Dakota. Upon further information and belief, Carex Health Brands, Inc. is a wholly owned subsidiary of Compass Health Brands. Compass Health Brands is a Delaware corporation with its principal place of business in Middleburg Heights, Ohio. Despite being served, neither Carex Health Brands nor Compass Heath Brands have made an appearance in this matter. Walmart made multiple efforts to contact Carex Health Brands and Compass Heath Brands in order to obtain consent for removal. Walmart was unable to locate or speak to anyone at either company. The listed phone numbers for each company were not working numbers. Moreover, efforts to send electronic correspondence were rejected by the company websites. Despite diligent efforts, Walmart was unable to contact either Carex Health Brands or Compass Heath Brands for their consent to removal.

14. Next, upon information and belief, the amount in controversy exceeds the jurisdictional requirement of $75,000, exclusive of interest and costs. Plaintiff alleges she suffered multiple second-degree burns to her chest. *See Plaintiff's Original Petition p. 3*. Plaintiff seeks damages for medical care and expenses past and future, physical pain and suffering past and future, physical impairment past and future, mental anguish past and future, and permanent disfigurement. *Id. at p. 12*. Plaintiff pleads relief in excess of $200,000. *Id. at p. 1*. The sum claimed by Plaintiff should control the evaluation of the amount in controversy. Facially, the pleadings, injuries and damages exceed $75,000, exclusive of interest and costs.

15. In an effort to confirm the amount in controversy, Wal-Mart sent correspondence to Plaintiff's counsel on January 13, 2021 requesting Plaintiff stipulate she is seeking less than

$75,000 in damages, exclusive of interest and costs. Plaintiff's counsel responded that he could not agree to stipulate; thus, there is a presumption that the amount in controversy in this case exceeds $75,000 exclusive of interest and costs. *Heitman v. State Farm Mut. Auto. Ins. Co.,* No. 5:02-CV-0433-D, 2002 U.S. Dist. LEXIS 6192 (N.D. Tex. April. 9, 2002).

## V.     THIS NOTICE IS PROCEDURALLY CORRECT

16.     This action may be removed to this Court pursuant to 28 U.S.C. § 1441(b), because Defendants are not citizens of Texas, the state in which the action was brought. This action is removable to this Court and venue is proper because this United States District Court and Division embraces the place where the State Court Action was pending. 28 U.S.C. §§ 124(a)(1), 1441(a).

17.     Wal-Mart has attached to this Notice of Removal the documents required by 28 U.S.C. § 1446(a) and Local Rule 81.1 as follows:

> A:     Index of all documents filed in the State Court Action.
>
> B:     Docket Sheet in the State Court Action.
>
> C:     Copies of all process, pleadings and orders filed in State Court.
>
> D:     Signed Certificate of Interested Persons.

18.     Wal-Mart is filing with the Notice of Removal a completed Civil Cover Sheet, a Supplemental Civil Cover Sheet, and separate Certificate of Interested Persons.

19.     Wal-Mart retains the right to supplement the jurisdictional allegations by affidavit, declaration, or otherwise should Plaintiff challenge the allegations in a motion to remand or other filing.

20.     In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to all parties and to the Clerk of the 348th Judicial District Court of Tarrant County, Texas.

21. Plaintiff has demanded a jury trial in the State Court Action. Defendants have demanded a jury trial in the State Action.

22. Trial has not commenced in the 348th Judicial District Court.

## V.   CONCLUSION

23. Since diversity jurisdiction exists over Plaintiff's claim as set forth in Plaintiff's Original Petition, Defendants desire and are entitled to remove the lawsuit filed in the 348th Judicial District Court of Tarrant County, Texas to the United States District Court for the Northern District of Texas, Fort Worth Division.

**WHEREFORE, PREMISES CONSIDERED**, Defendants Walmart Starco, LLC and Wal-Mart Stores Texas, LLC, pursuant to and in conformance with the statutory requirements, remove this action from the 348th Judicial District Court of Tarrant County, Texas, to this Court.

**Respectfully submitted**,

By: */s/ Bevan Rhine*
**BEVAN RHINE**
Texas Bar No. 24036265
brhine@cobbmartinez.com

**COBB MARTINEZ WOODWARD PLLC**
1700 Pacific Avenue, Suite 3100
Dallas, TX  75201
(214) 220-5208 (direct phone)
(214) 220-5258 (direct fax)

**ATTORNEYS FOR DEFENDANTS
WALMART STARCO, LLC AND
WAL-MART STORES TEXAS, LLC**

NOTICE OF REMOVAL                                                                                                                                         PAGE 6
445302

## CERTIFICATE OF SERVICE

I certify a true and correct copy of this document has been forwarded to the following counsel of record either by e-service, telefax, electronic mail, and/or regular U.S. mail on this 5th day of February, 2021:

James M. Murrell
Jim R. Ross
Jim Ross Law Group, PC
2221 E. Lamar Blvd., Suite 800
Arlington, TX  76006
817.275.4100 / fax 817.275.4106
litigation@jimrosslaw.com

*/s/ Bevan Rhine*
**BEVAN RHINE**