FILED
TARRANT COUNTY
1/5/2021 4:11 PM
THOMAS A. WILDER
DISTRICT CLERK

NO. <u>348-322690-21</u>

| | | |
|---|---|---|
| **MARIA OLGA CASTILLO** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **V.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **WALMART    STARCO,    LLC,** | § | |
| **WALMART STORES TEXAS, LLC,** | § | |
| **APEX    MEDICAL    USA    CORP.,** | § | |
| **APEX  MEDICAL  CORP.,  CAREX** | § | |
| **HEALTH    BRANDS,    INC.,    and** | § | |
| **COMPASS HEALTH BRANDS** | § | |
| | § | |
| **Defendants.** | § | **OF TARRANT COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Maria Olga Castillo (hereinafter referred to as "Plaintiff"), complaining of and about Walmart Starco, LLC, Wal-mart Stores Texas, LLC, , Apex Medical USA Corp., Apex Medical Corp., Carex Health Brands, Inc., and Compass Health Brands (hereinafter collectively referred to as "Defendants"), and for cause of action would show unto the Court the following:

### DISCOVERY-CONTROL PLAN

1.      Plaintiff intends that discovery be conducted under Discovery Level 2.

### RELIEF

2.      Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.00. Tex. R. Civ. P. 47(c)(4).

### PARTIES

3.      Plaintiff, Maria Olga Castillo, is an individual, living in Tarrant County, Texas at

█████████████████████████████.

EXHIBIT C

4.      Defendant, Walmart Starco, LLC (hereinafter "Defendant Walmart Starco"), is a limited liability company doing business in Texas that may be served with process via its registered agent, C T Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

5.      Defendant, Wal-mart Stores Texas, LLC (hereinafter "Defendant Walmart Texas"), is a corporation doing business in the State of Texas. Defendant, Walmart Stores East, Inc., may be served with process via its registered agent, C T Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

6.      Defendant, Apex Medical USA Corp. (hereinafter "Defendant Apex USA"), is a corporation doing business in the State of Texas that may be served with process via its registered agent or the President of the corporation, PJ Hsueh, at 927 Mariner Street, Brea, California, 92821.

7.      Defendant, Apex Medical Corp. (hereinafter "Defendant Apex Corp."), is a corporation doing business in the State of Texas that may be served with process via its registered agent or President of the corporation at 921 E. Amidon Street, Sioux Falls, South Dakota 57101.

8.      Defendant, Carex Health Brands, Inc. (hereinafter "Defendant Carex"), is a corporation doing busines in the State of Texas that may be served with process via its registered agent, Matt Mcelduff, at 600 Cordwainer Drive, First Floor, Norwell, MA 02061.

9.      Defendant, Compass Health Brands (hereinafter "Defendant Compass"), is a corporation doing business in the State of Texas that may be served with process via its registered agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## JURISDICTION

10.     The subject matter in controversy is within the jurisdictional limits of this Court. This Court has jurisdiction over the parties because Defendants have purposefully availed themselves to conduct business within the State of Texas. Moreover, the Court has jurisdiction

over the parties because Defendant Wal-Mart Stores Texas, LLC, is a resident of Texas.

## VENUE

11.     Venue in Tarrant County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

12.     In or around late 2019, Plaintiff purchased a Thermipaq hot/cold wrap and/or pad from a Walmart Supercenter located at 4100 W Airport Freeway, Irving, Texas 75062. On or around November 6, 2019, Plaintiff placed the Thermipaq in her microwave in order to heat the item prior to using it. To the best of Plaintiff's recollection, she placed the Thermipaq in the microwave for one minute. Upon opening her microwave door, while using the Thermipaq for the purpose and in the manner in which it was intended to be used, the Thermipaq suddenly and without warning exploded and the contents were projected onto the Plaintiff's chest causing severe burns through her t-shirt and sweater.

13.     Plaintiff immediately removed her clothing and noticed severe injuries to her chest area. At all times relevant hereto, Plaintiff was using the Thermipaq as directed by the instructions provided with the item.

14.     Plaintiff experienced an onset of excruciating and debilitating pain and was taken to City Hospital Emergency Care Center and Parkland Hospital Burn Unit where it was determined that Plaintiff suffered multiple second-degree burns to her chest.

15.     The explosion of the Thermipaq caused serious injuries to Plaintiff resulting in skin deformities, loss of mobility, and constant pain. As such, Plaintiff seeks damages for pecuniary

loss, medical expenses, physical impairment, permanent disfigurement, pain and suffering, and mental anguish.

## STRICT PRODUCTS LIABILITY—MANUFACTURING DEFECT CLAIM AS TO DEFENDANTS APEX USA, APEX CORP., CAREX, AND COMPASS

16.    Plaintiff incorporates by reference and re-alleges the paragraphs above the same as if set out at length herein.

17.    At all times material herein, Defendants Apex USA, Apex Corp., Carex, and/or Compass, were engaged in the manufacturing of health-care products for sale to the general public of the United States and the State of Texas, including the Thermipaq hot/cold wrap that caused injuries to Plaintiff as complained of hereinabove. Defendants distribute the Thermipaq to retailers throughout the United States.

18.    At the time the Thermipaq left the Defendants' possession and control, it was in a condition not contemplated by Plaintiff and was unreasonably dangerous to Plaintiff for its intended and foreseeable use because the Thermipaq failed to conform to the applicable design standards and specifications. Specifically, the Thermipaq, as manufactured, was unreasonably dangerous to an extent beyond which would be contemplated by the Plaintiff in that the Thermipaq exploded.

19.    The Defendants knew and intended that the Thermipaq would be purchased and used by consumers without inspection for defects in the product. Defendant also knew, or should have known, that at the time their product left their control, the design, nature, and danger of the Thermipaq could cause Plaintiff damage.

20.    The defective condition of the Thermipaq was a producing cause of the damages sustained by Plaintiffs as alleged herein and made the basis of this suit.

21.    Plaintiff seeks damages within the jurisdictional limits of this Court.

## STRICT PRODUCTS LIABILITY—DESIGN DEFECT CLAIM AS TO DEFENDANTS APEX USA, APEX CORP., CAREX, AND COMPASS

22.    Plaintiff incorporates by reference and re-alleges paragraphs 1-21 the same as if set out at length.

23.    At all times material herein, Defendants, Apex USA, Apex Corp., Carex, and/or Compass, were engaged in the business of selling the Thermipaqs made the basis of this lawsuit, which were for sale to the general public throughout the United States and the State of Texas.

24.    At the time that the Thermipaq left the Defendants' possession and control, they were in a condition not contemplated by the Plaintiff and was unreasonably dangerous to the Plaintiff for its intended and foreseeable use as designed, when taking into consideration the utility of the product, the risk involved in its use, and that safer designs were available.

25.    The defective design was unreasonably dangerous to an extent beyond which would be contemplated by Plaintiff in that the Thermipaq exploded.

26.    Defendants knew and intended that the Thermipaq would be purchased and used by consumers without inspection for defects in the product. Defendants also knew, or should have known, that at the time its product left its control, the design, nature, and danger of the Thermipaq could cause Plaintiff damage.

27.    The defective condition was a producing cause of the damages sustained by Plaintiff as alleged herein and made the basis of this suit. Therefore, Plaintiff seeks damages within the jurisdictional limits of this Court.

## STRICT PRODUCTS LIABILITY—FAILURE TO WARN CLAIM AS TO DEFENDANTS APEX USA, APEX CORP., CAREX, AND COMPASS

28.    Plaintiff incorporates by reference and re-alleges paragraphs 1-27 the same as if set out at length herein.

29.     At all times material herein, Defendants, Apex USA, Apex Corp., Carex, and/or Compass, knew the Thermipaqs were defective and that they posed a high risk of producing injuries during normal use, and that such result was potentially life threatening to each individual to whom the product was sold.

30.     Notwithstanding this knowledge, Defendants failed to give sufficient, conspicuous notice to the purchasers of the grave risks associated with use of the product, and instead placed and persisted in placing the defective product into the stream of commerce, thus causing harm and injuries to Plaintiff.

31.     Defendants were in a position to detect and warn consumers that the Thermipaqs had a propensity to explode, but Defendants failed to do so.

32.     Defendants' failure to warn Plaintiff of the dangerous and defective Thermipaq was a proximate and producing cause of Plaintiff's damages as alleged herein. Therefore, Plaintiff seeks damages within the jurisdictional limits of this Court.

## NEGLIGENCE CLAIM AS TO DEFENDANTS APEX USA, APEX CORP., CAREX, AND COMPASS

33.     Plaintiff incorporates by reference and re-alleges paragraphs 1-32 above the same as if set out at length herein.

34.     Defendants, Apex USA, Apex Corp., Carex, and/or Compass, owed a duty to exercise reasonable, prudent, and ordinary care in the sale of the Thermipaq through its agents, representatives, and/or employees. Defendants' acts and/or omissions fell well below the applicable standard of care and it breached its duty by negligently selling a defective Thermipaq to Plaintiff, which subsequently exploded. Defendants also breached their duty by failing to timely and effectively warn Plaintiff and by failing to act as a reasonably prudent seller would have under the same or similar circumstances.

35.     Defendants, Apex USA, Apex Corp., Carex, and/or Compass, intended for its product to be used by the general public and sold the product at issue to Defendants, Walmart Starco and/or Defendant Walmart Texas, for distribution into the stream of commerce. Plaintiff's injuries resulted from Defendants' gross negligence, which entitles Plaintiff to exemplary damages under Texas Civil Practices & Remedies Code Section 41.003(a).

36.     Plaintiff would show that Defendant's acts and/or omissions when viewed objectively from the standpoint of the actor at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.

37.     Defendants' possessed actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others such as Plaintiff. Defendants' breach of duty proximately caused Plaintiff's damages as alleged herein, and as such Plaintiff seeks damages within the jurisdictional limits of this Court.

## NEGLIGENCE PER SE CLAIM AS TO DEFENDANTS APEX USA, APEX CORP., CAREX, AND COMPASS

38.     Plaintiff incorporates by reference and re-alleges paragraphs 1-37 above the same as if set out at length herein.

39.     Defendants, Apex USA, Apex Corp., Carex, and/or Compass, violated Texas Civil Practices & Remedies Code Section 82.005 by selling the Thermipaq to Plaintiff which had an underlying defect in design.

40.     Plaintiff would hereby show that a reasonably safer alternative design was available to prevent the Thermipaq from exploding in a microwave.

41.     The above-referenced statute is designed to protect a class of persons to which Plaintiff belongs against the type of injury suffered by Plaintiff.

42.     Defendants' violation of the statute was without legal excuse, and Defendants'

breach of the duty imposed by the statute proximately caused injury to Plaintiff, which resulted in damages within the jurisdictional limits of this Court.

## BREACH OF WARRANTY CLAIM AS TO DEFENDANTS APEX USA, APEX CORP., CAREX, AND COMPASS

43.     Plaintiff incorporates by reference and re-alleges paragraphs 1-42 above the same as if set out at length herein.

44.     Defendants, Apex USA, Apex Corp., Carex, and/or Compass, as the designer, manufacturer, marketer, distributor, and/or seller of the Thermipaq product, expressly warranted that the product was fit for its intended purpose, that it was of merchantable quality, and that it was safe and fit for purposes intended when used in an ordinary manner under ordinary conditions.

45.     Defendants breached such warranties by designing, manufacturing, distributing, supplying, and/or selling the product in question when it was neither safe nor fit for the purposes intended.

46.     The product in question, Thermipaq, was not altered by Plaintiff in any way. The product was defective when it left the exclusive control of the Defendants, and Defendants knew the product would be used without additional inspection by Plaintiff. The Thermipaq was not safe and fit for the purposes intended and Plaintiff did not receive the goods as warranted.

47.     As a direct and proximate cause of Defendants' breach of warranty, Plaintiff has suffered injuries and seeks damages within the jurisdictional limits of this Court.

## NEGLIGENCE PER SE CLAIM AS TO DEFENDANT WALMART STARCO AND WALMART TEXAS

48.     Plaintiff incorporates by reference and re-alleges paragraphs 1-47 above the same as if set out at length herein.

49.     Defendants, Walmart Starco and Walmart Texas, violated Texas Civil Practices &

Remedies Code Section 82.003 by selling a product, even though they did not manufacture said product, Defendants knew was defective at the time the Defendants supplied the product and the Plaintiff's harm resulted from said defect. As such, Plaintiff intends to prove that at the time of sale Defendants, as large distributors of the product, had knowledge of the defect in the Thermipaqs that caused Plaintiff's injuries.

50.     The above-reference statute is designed to protect a class of persons to which Plaintiff belongs against the type of injury suffered by Plaintiff.

51.     Defendants' violation of the statute was without legal excuse, and Defendants' breach of the duty imposed by the statute proximately caused injury to Plaintiff, which resulted in damages within the jurisdictional limits of this Court.

## NEGLIGENCE MISREPRESENTATION CLAIM AS TO DEFENDANT WALMART STARCO AND WALMART TEXAS

52.     Plaintiff incorporates by reference and re-alleges paragraphs 1-51 above the same as if set out at length herein.

53.     Defendants, Walmart Starco and Walmart Texas, represented to Plaintiff that they would provide a Thermipaq product that would conform to the qualities of the same or similar product for use in a Thermipaq.

54.     Defendants made the representations for the guidance of others, specifically the Plaintiff, when she purchased the Thermipaq. Defendants' representations were a misstatement of fact, and Defendant did not use reasonable care in communicating the information. Defendants represented to Plaintiff that the batteries were safe for use and free of defects. Instead, the Thermipaq exploded as Plaintiff was using it in a manner prescribed by Defendants.

55.     Defendants' misrepresentation proximately caused injury to Plaintiff, which resulted in Plaintiff suffering damages within the jurisdictional limits of this Court.

## COMMON LAW FRAUD CLAIM AS TO DEFENDANT WALMART STARCO AND WALMART TEXAS

56.     Plaintiff incorporates by reference and re-alleges paragraphs 1-55 above the same as if set out at length herein.

57.     Plaintiff would show that Defendants, Walmart Starco and Walmart Texas, made material false representations to Plaintiff with knowledge of their falsity or with reckless disregard of the truth with the intention that such representations be acted upon by Plaintiff, and that Plaintiff relied upon these representations to her detriment.

58.     Plaintiff would further show that Defendants concealed or failed to disclose material facts within their knowledge, that Defendants knew that Plaintiff did not have knowledge of the same and did not have equal opportunity to discover the truth, and that Defendants intended to induce Plaintiff to enter into the transaction made the basis of this lawsuit by such concealment or failure to disclose.

59.     Defendants' fraud was a direct and proximate cause of Plaintiff's injuries, and therefore Plaintiff seeks damages within the jurisdictional limits of this Court.

## BREACH OF IMPLIED WARRANTY CLAIM AS TO DEFENDANT WALMART STARCO AND WALMART TEXAS

60.     Plaintiff incorporates by reference and re-alleges paragraphs 1-59 above the same as if set out at length herein.

61.     Defendants, Walmart Starco and Walmart Texas, breached the implied warranties of merchantability and fitness for a particular purpose when they sold the Thermipaq to Plaintiff.

62.     At the time Defendants sold the Thermipaq to Plaintiff, Defendants implied warranted that the Thermipaq was of a good and merchantable quality, free from defects and Plaintiff could properly and safely use the Thermipaq for its intended and foreseeable purposes.

63.     The Thermipaq was not of merchantable quality at the time it left the possession and control of Defendants, nor was it fit for its particular and intended purpose. Specifically, the Thermipaq was defective and unreasonably dangerous when used for its intended and particular purpose when it exploded.

64.     Defendants' breach of the implied warranties of merchantability and fitness for a particular purpose were a proximate and producing cause of Plaintiff's damages as alleged herein, and Plaintiff seeks damages within the jurisdictional limits of this Court.

## EXEMPLARY DAMAGES

65.     Plaintiff incorporates by reference and re-alleges paragraphs above the same as if set out at length.

66.     Defendants' acts or omissions described hereinabove, when viewed from the standpoint of Defendants at the time of the acts or omissions, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendants had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

67.     Based on the facts stated herein, Plaintiff requests exemplary damages be awarded to Plaintiff from Defendants.

## DAMAGES FOR PLAINTIFF, MARIA CASTILLO

68.     Plaintiff incorporates by reference and re-alleges paragraphs 1-67 above the same as if set out at length herein.

69.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Maria Castillo, was caused to suffer personal injuries, past and future medical expenses,

past and future pain and suffering, past and future mental anguish and to incur the following damages:

A.   Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Tarrant County, Texas;

B.   Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C.   Physical pain and suffering in the past;

D.   Physical pain and suffering in the future;

E.   Physical impairment in the past;

F.   Physical impairment which, in all reasonable probability, will be suffered in the future;

G.   Mental anguish in the past;

H.   Mental anguish in the future; and

I.   Permanent disfigurement.

70.   By reason of the above, Plaintiff, Maria Castillo, has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Maria Castillo, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; exemplary damages, excluding interest, and as allowed by Sec. 41.008, Chapter 41, Texas Civil Practice and Remedies Code; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by

law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By: /s/ James M. Murrell
Jim R. Ross
State Bar No. 24010362
James M. Murrell
JIM ROSS LAW GROUP, P.C.
2221 E. Lamar Blvd., Suite 800
Arlington, Texas 76006
Telephone: (817) 275-4100
Facsimile: (817) 275-4106
Email: litigation@jimrosslaw.com

*Attorneys for Plaintiff*
*Maria Castillo*

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

348-322690-21

Case 4:21-cv-00125-O   Document 1-3   Filed 02/05/21   Page 14 of 109   PageID 262

FILED
TARRANT COUNTY
1/6/2021 9:51 AM
THOMAS A. WILDER
DISTRICT CLERK

# THE STATE OF TEXAS
## DISTRICT COURT, TARRANT COUNTY

*CITATION*                    Cause No. 348-322690-21

MARIA OLGA CASTILLO
VS.
WALMART STARCO, LLC, ET AL

TO: WALMART STARCO LLC

B/S REG AGENT-CT CORPORATION SYSTEM 1999 BRYAN ST STE 900 DALLAS, TX 75201-

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION
at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 348th District Court
,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas
said PLAINTIFF being

MARIA OLGA CASTILLO

Filed in said Court on January 5th, 2021 Against
WALMART STARCO LLC, WAL-MART STORES TEXAS LLC, APEX MEDICAL USA CORP, APEX MEDICAL CORP, CAREX HEALTH BRANDS INC,
COMPASS HEALTH BRANDS
For suit, said suit being numbered 348-322690-21 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION   a copy of which accompanies this citation.

JAMES M MURRELL
Attorney for MARIA OLGA CASTILLO Phone No. (817)275-4100
Address      2221 E LAMAR BLVD STE 800 ARLINGTON, TX 76006

_____Thomas A. Wilder_____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 6th day of January, 2021.

By _____
        IAN PFISTERER

A CERTIFIED COPY
ATTEST: 01/06/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Ian Pfisterer

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the
clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you.
Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

---

**OFFICER'S RETURN  *34832269021000003***

Received this Citation on the  7  day of  January , 2021  at 1001  o'clock  A  M; and executed

1999 Bryan St, Suite 900, Dallas, TX 75201  within the county of  Dallas , State of  Texas  at  135  o'clock  P  M

on the  7  day of  January , 2021  by delivering to the within named (Def.) Walmart Starco LLC to CT Corporation
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION Systen to intake
, having first endorsed on same the date of delivery.                                    Specialist Lindsy Banjartez

Authorized Person/Constable/Sheriff: _____  PSC1574 exp 10/31/21

County of  Dallas      State of  Texas  By _____  Deputy

Fees $ _____

State of  Texas  County of  Dallas  (Must be verified if served outside the State of Texas)
Signed and sworn to by the said  Caleb Malone  before me this  7  day of January 2021
to certify which witness my hand and seal of office

(Seal) _____

County of  Dallas , State of  Texas

BETHANY PALLISTER
Notary Public, State of Texas
Comm. Expires 06-01-2024
Notary ID 129009133

## *CITATION*

Cause No. 348-322690-21

MARIA OLGA CASTILLO

VS.

WALMART STARCO, LLC, ET AL

ISSUED

This 6th day of January, 2021

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By          IAN PFISTERER Deputy

JAMES M MURRELL
Attorney for: MARIA OLGA CASTILLO
Phone No. (817)275-4100
ADDRESS: 2221 E LAMAR BLVD STE 800

ARLINGTON, TX 76006

*CIVIL LAW*



*34832269021000003*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
**ORIGINAL**



348-322690-21

Case 4:21-cv-00125-O   Document 1-3   Filed 02/05/21   Page 16 of 109   PageID 98

FILED
TARRANT COUNTY
1/8/2021 9:51 AM
THOMAS A. WILDER
DISTRICT CLERK

# THE STATE OF TEXAS
## DISTRICT COURT, TARRANT COUNTY

*CITATION*                                    *Cause No. 348-322690-21*

MARIA OLGA CASTILLO

VS.

WALMART STARCO, LLC, ET AL

TO: WAL-MART STORES TEXAS LLC

B/S REG AGENT-CT CORPORATION SYSTEM 1999 BRYAN ST STE 900 DALLAS, TX 75201-

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION at or before 10 o'clock A.M. of the Monday next after

the expiration of 20 days after the date of service hereof before the 348th District Court

,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas said PLAINTIFF being

MARIA OLGA CASTILLO

Filed in said Court on January 5th, 2021 Against

WALMART STARCO LLC, WAL-MART STORES TEXAS LLC, APEX MEDICAL USA CORP, APEX MEDICAL CORP, CAREX HEALTH BRANDS INC, COMPASS HEALTH BRANDS

For suit, said suit being numbered 348-322690-21 the nature of which demand is as shown on said

PLAINTIFF'S ORIGINAL PETITION  a copy of which accompanies this citation.

JAMES M MURRELL
Attorney for MARIA OLGA CASTILLO Phone No. (817)275-4100
Address     2221 E LAMAR BLVD STE 800 ARLINGTON, TX 76006

_____Thomas A. Wilder_____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal

of said Court, at office in the City of Fort Worth, this the 6th day of January, 2021.

By _____

IAN PFISTERER

A CERTIFIED COPY
ATTEST: 01/06/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
By: /s/ Ian Pfisterer

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

## OFFICER'S RETURN *34832269021000004*

Received this Citation on the ___7___ day of __January__ 2024 at 1001 o'clock A M; and executed at 1999 Bryan St, Suite 900, Dallas, TX 75201 within the county of __Dallas__ , State of __Texas__ at 135 o'clock P M on the ___7___ day of __January__ 2021 by delivering to the within named (Def.): Wal-Mart Stores Texas LLC to CT Corporation System defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION to intake specialist Linda Ramirez , having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: _____ PSC1574 exp 10/31/21

County of __Dallas__        State of __Texas__        By _____ , Deputy

Fees $_____

State of __Texas__  County of __Dallas__        (Must be verified if served outside the State of Texas)

Signed and sworn to by the said __Caleb McClure__ before me this 7 day of January , 2021

to certify which witness my hand and seal of office

(Seal)        Beth Pall

BETHANY PALLISTER
Notary Public, State of Texas
Comm. Expires 06-01-2024
Notary ID 129009133

County of __Dallas__ , State of __Texas__

## *CITATION*

Cause No. 348-322690-21

MARIA OLGA CASTILLO

VS.

WALMART STARCO, LLC, ET AL

ISSUED

This 6th day of January, 2021

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By          IAN PFISTERER Deputy

JAMES M MURRELL
Attorney for: MARIA OLGA CASTILLO
Phone No. (817)275-4100
ADDRESS: 2221 E LAMAR BLVD STE 800

ARLINGTON, TX 76006

*CIVIL LAW*



*34832269021000004*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
**ORIGINAL**



FILED
TARRANT COUNTY
1/8/2021 9:51 AM
THOMAS A. WILDER
DISTRICT CLERK

## THE STATE OF TEXAS
### DISTRICT COURT, TARRANT COUNTY

*CITATION*                                    *Cause No. 348-322690-21*

MARIA OLGA CASTILLO
VS.
WALMART STARCO, LLC, ET AL

TO: COMPASS HEALTH BRANDS

B/S REG AGENT-CT CORPORATION SYSTEM 1999 BRYAN ST STE 900 DALLAS, TX 75201-

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION
at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 348th District Court
,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas
said PLAINTIFF being

MARIA OLGA CASTILLO

Filed in said Court on January 5th, 2021 Against
WALMART STARCO LLC, WAL-MART STORES TEXAS LLC, APEX MEDICAL USA CORP, APEX MEDICAL CORP, CAREX HEALTH BRANDS INC,
COMPASS HEALTH BRANDS
For suit, said suit being numbered 348-322690-21 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION  a copy of which accompanies this citation.

JAMES M MURRELL
Attorney for MARIA OLGA CASTILLO Phone No. (817)275-4100
Address    2221 E LAMAR BLVD STE 800 ARLINGTON, TX 76006

_____ Thomas A. Wilder _____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this t e 6th day ofJ anuary 2021.

                                        By _____
                                              IAN PFISTERER

CERTIFIED COPY
ATTEST: 01/06/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Ian Pfisterer

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the
clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you.
    Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

---

**OFFICER'S RETURN** *34832269021000008*

Received this Citation on the __7__ day of _January_ _2021_ at _1001_ o'clock _A_ M; and executed at
1999 Bryant St, Suite 900, Dallas TX 75201 within the county of _Dallas_ , State of _Texas_ at _135_ o'clock _P_ M
on the __7__ day of _January_ _2021_ by delivering to the within named (Def.): _Compass Health Brands_ to CT
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION _Corporation Syst to_
, having first endorsed on same the date of delivery.                                    _intake specialist Lindsay_
                                                                                          _Berruetz_
                              _DSCIS74_ _CEP 10/31/21_

Authorized Person/Constable/Sheriff: _____
County of _Dallas_ State of _Texas_ By _____ Deputy

Fees $_____
State of _Texas_ County of _Dallas_ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _Caleb Malone_ before me this _7_ day of _Jany_ ,_021_
to certify which witness my hand and seal of office
(Seal)                        _____
                              County of _Dallas_ , State of _Texas_

BETHANY PALLISTER
Notary Public, State of Texas
Comm. Expires 08-01-2024
Notary ID 129009133

*CITATION*

Cause No. 348-322690-21

MARIA OLGA CASTILLO

VS.

WALMART STARCO, LLC, ET AL

ISSUED

This 6th day of January, 2021

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By          IAN PFISTERER Deputy

JAMES M MURRELL
Attorney for: MARIA OLGA CASTILLO
Phone No. (817)275-4100
ADDRESS: 2221 E LAMAR BLVD STE 800

ARLINGTON, TX 76006

*CIVIL LAW*



*34832269021000008*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
**ORIGINAL**



FILED
TARRANT COUNTY
1/13/2021 3:39 PM
THOMAS A. WILDER
DISTRICT CLERK

## AFFIDAVIT OF SERVICE

| State of Texas | County of Tarrant | 348th Judicial District Court |
|---|---|---|

Case Number: 348-322690-21

Plaintiff:
**Maria Olga Castillo**

vs.

Defendant:
**Walmart Starco, LLC, Walmart Stores Texas, LLC, Apex Medical USA Corp., Apex Medical Corp., Carex Health Brands, Inc., and Compass Health Brands**

For:
Jim Ross Law Group
2221 East Lamar Blvd.
Suite 800
Arlington, TX 76006

Received by Malone Process Service, LLC on the 12th day of January, 2021 at 11:20 am to be served on **Carex Health Brands, Inc. by serving the Texas Secretary of State, 1019 Brazos, Austin, Travis County, TX 78701**.

I, Mike Techow, being duly sworn, depose and say that on the **12th day of January, 2021** at **3:30 pm, I:**

delivered to **REGISTERED AGENT** by delivering a true copy of the **Two Copies of Citation and Plaintiff's Original Petition with $55.00 Texas Secretary of State Fee** with the date of service endorsed thereon by me, to: **Web Jerome, The Texas Secretary of State as Authorized Agent** at the address of: **1019 Brazos, Austin, Travis County, TX 78701** on behalf of **Carex Health Brands, Inc.**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, of sound mind, have no interest in the above action. The facts stated in this affidavit are within my personal knowledge and are true and correct.

Subscribed and Sworn to before me on the 13th day of January, 2021 by the affiant who is personally known to me.

NOTARY PUBLIC

MARIE NICOLE HENRY
Notary Public, State of Texas
Comm. Expires 04-01-2023
Notary ID 131960939

**Mike Techow**
PSC-1215, Exp. 7/31/2022

**Malone Process Service, LLC**
**P.O. Box 720040**
**Dallas, TX 75372**
**(877) 997-3783**

Our Job Serial Number: MST-2021000206
Ref: MARIA OLGA CASTILLO vs. WALMART ST/

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1t

FILED
TARRANT COUNTY
1/5/2021 12:14 PM
THOMAS A. WILDER
DISTRICT CLERK

| Attorney or Party Without Attorney (Name, State Bar number, and address) | |
|---|---|
| James Murrell<br>2221 E. Lamar Blvd., Suite 800<br>Arlington, TX 76006<br><br>Telephone No: 817/275-4100  Fax No.:<br>E-mail Address (optional):<br>    Attorney for (Name):   Maria Olga Castillo | |
| Plaintiff/Petitioner:   Maria Olga Castillo<br><br>Defendant/Respondent: Walmart Starco, LLC, et al. | |
| PROOF OF SERVICE | Cause Number:<br>348-322690-21 |

1.    At the time of service I was at least 18 years of age and not a party to this action.

2.    I served copies of the CITATION AND PLAINTIFF'S ORIGINAL PETITION    by personal service on

3.    a. Party Served: APEX MEDICAL USA CORP.
       b. Person served: Fang Yuchu, agent

4.    Address where the party was served: 927 Mariner St., Brea, CA 92821

5.    I served the party:
       a. **by personal service.**  I personally delivered the documents listed in item 2 to the party or person
authorized to received process for the party (1) on: January 7, 2021 (2)at:  2:00 p.m.


**Person Serving:**                                    **Fee for Service**

**CHRIS HUTCHINSON**                              ☐ Not a registered California Process Server
Marathon Attorney Service                           ☒ Registered California Process Server
P.O. Box 666                                            (1) ☒ Owner
Lakewood, CA 90713                                    (2) ☒ Registration No. (Specify): 355
(562) 429-3145                                          (3) County (Specify): Los Angeles


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


Date: January 8, 2021                           _____
A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this
certificate, and not the truthfulness, accuracy, or validity of that document

State of California
County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 8 day of January  2021 by Chris Hutchinson, proved to be the person who appeared
before me

CHRISTINE CARDAROPOLI
Notary Public - California
Los Angeles County
Commission # 2241593
My Comm. Expires Jun 5, 2022

THE STATE OF TEXAS
DISTRICT COURT, TARRANT COUNTY

*CITATION*                    *Cause No. 348-322690-21*

MARIA OLGA CASTILLO
VS.
WALMART STARCO, LLC, ET AL

TO: APEX MEDICAL USA CORP

B/S REG AGENT-PJ HSUEH 927 MARINER ST BREA, CA 92821-

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION
at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 348th District Court
,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas
said PLAINTIFF being

MARIA OLGA CASTILLO

Filed in said Court on January 5th, 2021 Against
WALMART STARCO LLC, WAL-MART STORES TEXAS LLC, APEX MEDICAL USA CORP, APEX MEDICAL CORP, CAREX HEALTH BRANDS INC,
COMPASS HEALTH BRANDS
For suit, said suit being numbered 348-322690-21 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION  a copy of which accompanies this citation.

JAMES M MURRELL
Attorney for MARIA OLGA CASTILLO Phone No. (817)275-4100
Address     2221 E LAMAR BLVD STE 800 ARLINGTON, TX 76006

_____ Thomas A. Wilder _____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 6th day of January, 2021.

By _____

IAN PFISTERER

A CERTIFIED COPY
ATTEST: 01/06/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Ian Pfisterer

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the
clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you.
Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

## OFFICER'S RETURN  *34832269021000005*

Received this Citation on the _____ day of _____, ____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, ____ by delivering to the within named (Def.): _____
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION
, having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: _____
County of _____ State of_____ By _____ Deputy
Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this ____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)
_____
County of _____, State of _____

*CITATION*

Cause No. 348-322690-21

MARIA OLGA CASTILLO

VS.

WALMART STARCO, LLC, ET AL

ISSUED

This 6th day of January, 2021

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By        IAN PFISTERER Deputy

JAMES M MURRELL
Attorney for: MARIA OLGA CASTILLO
Phone No. (817)275-4100
ADDRESS: 2221 E LAMAR BLVD STE 800

ARLINGTON, TX 76006

*CIVIL LAW*



*34832269021000005*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
**ORIGINAL**



A CERTIFIED COPY
ATTEST: 01/06/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Ian Pfisterer

**Alex Padilla**
**California Secretary of State**

 Business Search - Entity Detail

The California Business Search is updated daily and reflects work processed through Wednesday, January 13, 2021. Please refer to document **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity. Not all images are available online.

## C2382144   APEX MEDICAL USA CORP.

| | |
|---|---|
| **Registration Date:** | 10/12/2001 |
| **Jurisdiction:** | CALIFORNIA |
| **Entity Type:** | DOMESTIC STOCK |
| **Status:** | ACTIVE |
| **Agent for Service of Process:** | FANG YU CHU |
| | 927 MARINER ST |
| | BREA CA 92821 |
| **Entity Address:** | 927 MARINER ST |
| | BREA CA 92821 |
| **Entity Mailing Address:** | 927 MARINER ST |
| | BREA CA 92821 |

🛒 **Certificate of Status**

A Statement of Information is due EVERY year beginning five months before and through the end of October.

| Document Type ↕ | File Date ↕ | PDF |
|---|---|---|
| SI-NO CHANGE | 07/30/2020 | |
| SI-COMPLETE | 12/02/2019 | |
| REGISTRATION | 10/12/2001 | |

\* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to Califonia Corporations Code **section 2114** for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to **Name Availability.**
- If the image is not available online, for information on ordering a copy refer to **Information Requests.**
- For information on ordering certificates, status reports, certified copies of documents and copies of documents not currently available in the Business Search or to request a more extensive search for records, refer to **Information Requests.**
- For help with searching an entity name, refer to **Search Tips.**
- For descriptions of the various fields and status types, refer to **Frequently Asked Questions.**

| Modify Search | New Search | Back to Search Results |
|---|---|---|

FILED
TARRANT COUNTY
1/29/2021 9:03 AM
THOMAS A. WILDER
DISTRICT CLERK

## CAUSE NO. 348-322690-21

| | | |
|---|---|---|
| **MARIA OLGA CASTILLO** | § | **IN THE DISTRICT COURT** |
| | § | |
| **VS.** | § | |
| | § | |
| **WALMART STARCO, LLC,** | § | **TARRANT COUNTY, TEXAS** |
| **WALMART STORES TEXAS, LLC,** | § | |
| **APEX MEDICAL USA CORP.,** | § | |
| **APEX MEDICAL CORP., CAREX** | § | |
| **HEALTH BRANDS, INC., and** | § | |
| **COMPASS HEALTH BRANDS** | § | **348TH JUDICIAL DISTRICT** |

## WAL-MART DEFENDANTS' ORIGINAL ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COME NOW**, Walmart Starco, LLC and Wal-Mart Stores Texas, LLC (Wal-Mart Stores Texas, LLC is the only necessary party), two Defendants in the above-entitled and numbered cause, and file this their Original Answer to Plaintiff's Original Petition, and would respectfully show the Court as follows:

### I. GENERAL DENIAL

Defendants generally deny the allegations contained in Plaintiff's Original Petition, demand strict proof thereof, and say this is a matter for jury decision.

### II. REQUEST FOR DISCLOSURE

Pursuant to TEXAS RULES OF CIVIL PROCEDURE 193.7, Defendants provide notice that they intend to use Plaintiff's production of all documents, tangible things and discovery items produced in response to discovery in any pre-trial proceeding or at trial.

### III. JURY DEMAND

Defendants further demand a trial by jury.

**WHEREFORE, PREMISES CONSIDERED,** Defendants pray that upon final hearing hereof, Plaintiff take nothing by this suit, that Defendants recover their costs, and that Defendants have such other and further relief, both at law and in equity, to which they may be justly entitled.

**Respectfully submitted**,

**COBB MARTINEZ WOODWARD** PLLC
1700 Pacific Avenue, Suite 3100
Dallas, TX  75201
(214) 220-5208 (direct phone)
(214) 220-5258 (direct fax)


By:      */s/ Bevan Rhine*
         **BEVAN RHINE**
         Texas Bar No. 24036265
         brhine@cobbmartinez.com

**ATTORNEYS FOR DEFENDANTS
WALMART STARCO, LLC AND
WAL-MART STORES TEXAS, LLC**


## <u>CERTIFICATE OF SERVICE</u>

I certify a true and correct copy of this document has been forwarded to the following counsel of record either by e-service, telefax, electronic mail, and/or regular U.S. mail on this 29th day of January, 2021:

James M. Murrell
Jim R. Ross
Jim Ross Law Group, PC
2221 E. Lamar Blvd., Suite 800
Arlington, TX  76006
817.275.4100 / fax 817.275.4106
litigation@jimrosslaw.com


        */s/ Bevan Rhine*
        **BEVAN RHINE**

348-322690-21

FILED
TARRANT COUNTY
2/1/2021 12:00 AM
THOMAS A. WILDER
DISTRICT CLERK

Cause No. 348-322690-21

|  |  |  |
|---|---|---|
| | § | In the District Court |
| Maria Olga Castillo, | § | |
| | § | |
| Plaintiff, | § | |
| | § | 348th Judicial District |
| v. | § | |
| | § | |
| Walmart Starco, LLC, | § | |
| Walmart Stores Texas, LLC | § | Tarrant County, Texas |
| Apex Medical USA Corp. | § | |
| Apex Medical Corp., Carex Health | § | |
| Brands, Inc. and Compass Health Brands | § | |
| | § | |
| Defendants | | |

## DEFENDANT APEX MEDICAL USA CORP.'S SPECIAL APPEARANCE AND MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

Reserving all rights and defenses, Defendant Apex Medical USA Corp., by and through its counsel of record, Tracy Lin, hereby makes this special appearance limited to the filing of the instant Motion to Dismiss for lack of personal jurisdiction. This Motion is based on Tex. R. Civ. P. 120a, pleadings and papers filed herein, and attached exhibits.

## INTRODUCTION

Plaintiff's Petition does not make a *prima facie* showing of personal jurisdiction over Apex Medical USA Corp. Plaintiff alleges that in November 2019, a Thermipaq hot/cold wrap and/or pad (the "Product"), after being heated in a microwave oven for one minute, exploded causing injuries to Plaintiff's chest. There is no verification that Apex Medical USA Corp. manufactures, distributes or sells the Product. There is no allegation concerning any act of Apex Medical USA Corp. that subjects it to the jurisdiction of Texas. Simply having a product under Plaintiff's mistaken belief in the state of Texas is not sufficient to confer jurisdiction. Since

1

Plaintiff's Petition allegations establishing jurisdiction are all based on mistaken beliefs, Plaintiff's Petition against Apex Medical USA Corp. should be dismissed.

## I.   FACTS AND PROCEDURAL HISTORY

Plaintiff filed her Petition on or about January 5, 2021. *See* **Exhibit A** – Petition. Plaintiff alleges that Maria Castillo, a resident of Tarrant County, Texas, suffered substantial damage to her chest due to the Product in November, 2020. *See* **Exhibit A**, ¶¶  12.

Plaintiff's Petition alleges that Apex Medical USA Corp. along with other defendants, were engaged in the manufacturing of health-care products for sale to the general public of the United States and the state of Texas.  **Exhibit A**, ¶ 17.

Plaintiff's only allegations with respect to Apex Medical USA Corp.'s alleged connections with Texas are that Apex Medical USA Corp. manufactured the Product for sale in Texas.  The allegation is untrue.  Apex Medical USA Corp. does not manufacture, distribute or sell the Product.  Further, Apex Medical USA Corp. is not registered to do business in Texas and never has been. *See* Declaration of Fangyu Chu, attached hereto as **Exhibit "B."** Apex Medical USA Corp. does not manufacture, sell, or conduct business in Texas sufficient to be subject to personal jurisdiction there. Apex Medical USA Corp. has never shipped any Thermipad hot/cold wrap at issue directly to Texas because it does not sell products like this.  Apex Medical USA Corp. does not have any offices or agents in Texas.  Apex Medical USA Corp. does not advertise in Texas.  Apex Medical USA Corp. conducts its operations in California.  Its products are air mattress, masks, CPAP device and autoclaves, not hot/cold pads.

Specifically, as affirmed by Apex Medical USA Corp. in the declaration by Fangyu Chu annexed hereto, Apex Medical USA Corp. is not "at home in Texas" and does not have sufficient minimum contacts in Texas:

- Apex Medical USA Corp.'s headquarters and principal place of business is in California.

- Apex Medical USA Corp. does not have any offices other than in California in the United States.

- Apex Medical USA Corp.'s products are made in Asia.

- Apex Medical USA Corp. only ships products in California.

- Apex Medical USA Corp. has never sold or shipped hot/cold pad.

- The subject product at issue in this instant matter is sold by other defendants in this matter.  See Exhibit C for a true and correct copy of the advertisements of the subject product by other defendants.   Exhibit D is true and correct copy of the products sold by Apex Medical USA Corp.

- Apex Medical USA Corp. has no property or agents in Texas.

- Apex Medical USA Corp. does not have employees in Texas.

- Apex Medical USA Corp. is not licensed to do business in Texas.

- Apex Medical USA Corp. has no contracts or agreements in Texas or any contracts or agreements controlled by Texas law.

- Apex Medical USA Corp. does not have any bank accounts in Texas.

- Apex Medical USA Corp. has never paid taxes in Texas.

- Apex Medical USA Corp. does not advertise or market the subject product at issue to Texas.

- Apex Medical USA Corp. did not intend for the product at issue to be used or sold in Texas.

- Apex Medical USA Corp. did not place the product at issue into the stream of commerce with the expectation that it would be used in Texas.

- Apex Medical USA Corp. simply does not have any systematic and continuous activities in Texas to render it "at home" in this state.

- Apex Medical USA Corp. has never sued or been sued in state or federal courts in the State of Texas.

- Apex Medical USA Corp. does not consent to jurisdiction over it by the Courts of the State of Texas and Federal Courts venued in Texas in general or the Tarrant County District Court in particular.

*See* **Exhibit B.**

The instant motion is timely as Plaintiff has failed to file any affidavit of service to date indicating that proper service was made upon Apex Medical USA Corp.  Thus, service has not been perfected.

## II.  LEGAL ARGUMENT

This Court lacks personal jurisdiction over Apex Medical USA Corp. Apex Medical USA Corp. does not have a sufficient Texas presence to establish person jurisdiction. It does not, and has never been authorized to, conduct business in Texas. The fact that Plaintiff's mistaken belief of a Defendant's product made its way to Texas is simply insufficient to confer jurisdiction. Apex Medical USA Corp. did not avail itself of this forum and cannot be forced to litigate here.

This Court can only exercise personal jurisdiction over Apex Medical USA Corp. in one of two ways, general jurisdiction or specific jurisdiction. Apex Medical USA Corp., a foreign corporation, may be subject to Texas' general jurisdiction and may be amenable to suit on any cause of action in Texas if it has sufficient continuous and systematic contacts to be considered "present" in Texas. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011). Apex Medical USA Corp. may be subject to Texas's specific jurisdiction based on certain minimum contacts if it satisfies the Long-Arm statute of Texas, in that the activities must arise out of or relate to the cause of action in the case. *Tex. Civ. Prac. & Rem. Code Ann. § 17.042(1)*; *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985); *Daimler AGG v. Bauman*, 571 U.S. 117 (2014).   The Texas Long-Arm statute states:

> In addition to other acts that may constitute doing business, a nonresident does business in this *state* if the nonresident:
>> (1) contracts by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part in this *state*;
>> (2) commits a tort in whole or in part in this *state*; or
>> (3) recruits Texas residents, directly or through an intermediary located in this *state*, for employment inside or outside this *state*.

*Tex. Civ. Prac. & Rem. Code Ann. § 17.042(1)*.

"The Texas long-arm statute authorizes personal jurisdiction over a nonresident defendant who 'does business' in Texas, *Tex. Civ. Prac. & Rem Code Ann. § 17.042(1)*, but the statute's broad, doing-business language reaches only as far as these federal due-process criteria permit: (1) the defendant must have established minimum contacts with the forum state, and (2) the assertion of jurisdiction must comport with 'traditional notions of fair play and substantial justice.'" *IRA Res., Inc. v. Griego*, 221 S.W.3d 592, 596 (Tex. 2007); *see International Shoe Co. v. Washington*, 326 U.S. 310 (1945).

Upon review of this special appearance, it is the trial court who shall resolve any questions of fact relevant to personal jurisdiction. *Am. Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801 (Tex. 2002).  It is the Plaintiff's burden to allege "allegations sufficient to bring a nonresident defendant within the personal jurisdiction of the State of Texas." *Arth Brass & Aluminum Castings, Inc. v. Harsco Corp.*, 2004 Tex. App. Lexis 681 (Tex. App. 2004).  A defendant can establish its entitlement to dismissal for lack of personal jurisdiction by negating all bases therefore with credible evidence. *MGM Grant Hotel v. Castro*, 8 S.W.3d. 403 (Tex. App. 1999).  The mere allegation that a tort occurred in Texas will not be sufficient to establish jurisdiction under the Long Arm Statute. *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777 at 788 (Tex. 2005).  Defendant Apex Medical USA Corp. has submitted credible evidence of the lack of personal jurisdiction by way of declaration.

### a.   THIS COURT LACKS GENERAL JURISDICTION

General jurisdiction occurs where a defendant is held to answer in a forum for causes of action unrelated to the defendant's forum activities. *Carpenter v. Exelon Corp.*, 2007 Tex. App. LEXIS 8348 (Tex. App. 2007). "General jurisdiction may be asserted when the cause of action does not arise from or relate to the nonresident defendant's purposeful conduct within the forum state but there are continuous and systematic contacts between the nonresident defendant and the forum state. When general jurisdiction is asserted, the minimum contacts analysis is more demanding and requires a showing of substantial activities in the forum state." *Guardian Royal Exchange Assur., Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 228 (Tex. 1991); *see Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990).

The Petition is devoid of any facts that would implicate general jurisdiction. Simply put, Apex Medical USA Corp. is a California company, selling products that have nothing to do with

the hot/cold pad that injures the Plaintiff.  Apex Medical USA Corp. is not "at home" in Texas and does not have a regular presence there sufficient to render it subject to general jurisdiction.

### b.  THIS COURT LACKS SPECIFIC JURISDICTION

As this Court lacks general jurisdiction, the Court may still exercise jurisdiction if the party's contacts with Texas relate to the conduct underlying the incident at issue in the Petition. "When specific jurisdiction is asserted, the minimum contacts analysis focuses on the relationship among the defendant, the forum, and the litigation. Purposeful availment has at least three aspects. First, only the defendant's forum-state contacts matter, not anyone else's. Second, the contacts must be purposeful, not merely random, isolated, or fortuitous. Third, a nonresident defendant must seek some benefit, advantage, or profit by 'availing' itself of the jurisdiction, thus impliedly consenting to its laws." *IRA Res.*, 221 S.W.3d at 596; *see Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 785 (Tex. 2005).

"Although not an independent component of the minimum contacts analysis, the concept of 'foreseeability' is implicit in the requirement that there be a 'substantial connection' between the nonresident defendant and Texas arising from action or conduct of the nonresident defendant purposefully directed toward Texas." *Guardian Royal Exchange Assur., Ltd.*, 815 S.W.2d at 227; *see World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980). Further, for specific jurisdiction to exist over Defendant by a Texas Court, the underlying cause of action must arise from Yoau's purposeful contacts with the forum and the cause of action must arise from those contacts.  *Am. Type Culture Collection*, 83 S.W.3d at 806; *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 579 (Tex. 2007).

Plaintiff's Petition was founded on its mistaken belief that Apex Medical USA Corp. sells cold/hot pad.  The Petition does not specify what business Apex Medical USA Corp. is alleged to have conducted in Texas.  This is insufficient to establish purposeful contact with Texas by Apex Medical USA Corp..  The subject Product was sold by other Defendants in the suit, not Apex Medical USA Corp.  *See* **Exhibit B**.   The acts of a third-party may not be considered in evaluating personal jurisdiction of a defendant.  *McElroy.*  Specifically, the acts of other Defendants and any related entities and their involvement in the alleged incident at issue are not relevant to evaluating Apex Medical USA Corp.'s contacts with Texas.

In *McIntyre Machinery Ltd. v. Nicastro*, 131 S. Ct. 2780 (2011), the Supreme Court analyzed the minimum contacts necessary to support personal jurisdiction under the stream of commerce theory. In *McIntyre*, the Court found that "the defendant's transmission of goods permits the exercise of only where the defendant can be said to have targeted the forum; as a general rule, it is not enough that the defendant might have predicted that its goods will reach the forum State." *Id*. at 2788-89. The Court found in *McIntyre* that: 1) having a distributor agree to sell products in the United States; 2) attending trade shows in states other than where the product was sold, 3) having four products end up in the eventual state, 4) having no office in that state, 5) not sending employees to that state, 6) not paying taxes in that state, 7) not owning property in that state, and 8) not having advertised in the state, all amounted to insufficient contacts with the state. In the instant matter the Plaintiff has alleged less than in *McIntyre* and has failed to establish that Apex Medical USA Corp. has availed itself of the forum state, Texas. Therefore, this clearly fails Texas' Long-Arm statute.

In Texas, the defendant's expectations are key to deciding whether it is proper to call it before a Texas court. *Am. Type Culture Collection,* 83 S.W.3d at 806.  Further, *de minimus*

sales, especially those not directly connected to the alleged incident at issue, will not be considered to give rise to an expectation sufficient to find specific personal jurisdiction over Defendant. *McElroy*.

The lack of connections to Texas is underscored by the fact that Apex Medical USA Corp.'s products, which does NOT include any cold/hot pad, are sold in California. *See* **Exhibit B**. Apex Medical USA Corp.'s sales take place in California. Apex Medical USA Corp. did not avail itself of the privilege of conducting business in Texas. *Id*. Therefore, there is no specific personal jurisdiction.

Even if Apex Medical USA Corp. had sufficient minimum contacts with Texas, which it does not, the exercise of jurisdiction must not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co.,* 326 U.S. 310; *Burger King*, 471 U.S. at 477-78. The Court must look at the extent to which the lawsuit relates to Apex Medical USA Corp.'s activities, the availability of evidence and the location of witnesses, the availability of an alternative forum, the relative costs and burdens of litigants and state policy in providing a forum for this litigation. *World-Wide*, 444 U.S. at 292.

Evaluating these factors, it is clear that Texas is not an appropriate forum for Apex Medical USA Corp., a foreign company headquartered, operating and conducting business in California. While the burdens of a California company litigating in Texas are obvious, Plaintiff can show little legitimate interest in forcing Apex Medical USA Corp. to undertake those burdens, particularly when Apex Medical USA Corp.'s alleged wrongdoing, if any, is founded on Plaintiff's mistaken belief. Apex Medical USA Corp. sells air mattresses, autoclave and masks, not cold/hot pads. The burden on Apex Medical USA Corp. in litigating a product liability case in Texas when all of its witnesses and documentation are in California is unduly

burdensome. There can be no state policy favoring litigation in Texas with a Californian company that has no activities concerning the dispute with Texas. Thus, the exercise of jurisdiction over Apex Medical USA Corp. would be unreasonable, unduly burdensome and would offend traditional notions of fair play and substantial justice.

### III.CONCLUSION

Wherefore, for the reasons set forth above, Apex Medical USA Corp. respectfully requests that the Court grant its motion to dismiss for lack of personal jurisdiction by way of special appearance, dismiss the Petition against Apex Medical USA Corp. and for all other relief which it deems just and appropriate.

Respectfully submitted,

By: /s/  Tracy Lin
    Tracy Lin
    State Bar No. 24103113
    3970 Lindbergh Drive
    Addison, Texas 75001
    tlin@sandorslaw.com
    Phone: (469) 237-7773
    Fax: (972) 422-5645
    Attorney for Defendant
        Apex Medical USA Corp.

### Certificate of Service

I certify that a true copy of the above was served on each or party in accordance with the Texas Rules of Civil Procedure on January 31, 2021.

By: /s/  Tracy Lin

Tracy Lin

# Exhibit A

THE STATE OF TEXAS
DISTRICT COURT, TARRANT COUNTY

*CITATION*                                    *Cause No. 348-322690-21*

MARIA OLGA CASTILLO
VS.
WALMART STARCO, LLC, ET AL

TO: APEX MEDICAL USA CORP

B/S REG AGENT-PJ HSUEH 927 MARINER ST BREA, CA 92821-

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION
at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 348th District Court
,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas
said PLAINTIFF being

MARIA OLGA CASTILLO

Filed in said Court on January 5th, 2021 Against
WALMART STARCO LLC, WAL-MART STORES TEXAS LLC, APEX MEDICAL USA CORP, APEX MEDICAL CORP, CAREX HEALTH BRANDS INC,
COMPASS HEALTH BRANDS
For suit, said suit being numbered 348-322690-21 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION  a copy of which accompanies this citation.

JAMES M MURRELL
Attorney for MARIA OLGA CASTILLO Phone No. (817)275-4100
Address     2221 E LAMAR BLVD STE 800 ARLINGTON, TX 76006

_____Thomas A. Wilder_____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 6th day of January, 2021.

By _____

IAN PFISTERER

A CERTIFIED COPY
ATTEST: 01/06/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEX
BY: /s/ Ian Pfisterer

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the
clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you.
Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

## OFFICER'S RETURN *34832269021000005*

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by delivering to the within named (Def.): _____
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION
, having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: _____
County of _____ State of_____ By _____ Deputy
Fees $_____        _____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)                                    _____
County of _____, State of _____

*CITATION*

Cause No. 348-322690-21

MARIA OLGA CASTILLO

VS.

WALMART STARCO, LLC, ET AL

ISSUED

This 6th day of January, 2021

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By          IAN PFISTERER Deputy

JAMES M MURRELL
Attorney for: MARIA OLGA CASTILLO
Phone No. (817)275-4100
ADDRESS: 2221 E LAMAR BLVD STE 800

ARLINGTON, TX 76006

*CIVIL LAW*



*34832269021000005*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
ORIGINAL



A CERTIFIED COPY
ATTEST: 01/06/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEX
BY: /s/ Ian Pfisterer

FILED
TARRANT COUNTY
1/5/2021 4:11 PM
THOMAS A. WILDER
DISTRICT CLERK

NO. 348-322690-21

| | | |
|---|---|---|
| **MARIA OLGA CASTILLO** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **V.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **WALMART STARCO, LLC,** | § | |
| **WALMART STORES TEXAS, LLC,** | § | |
| **APEX MEDICAL USA CORP.,** | § | |
| **APEX MEDICAL CORP., CAREX** | § | |
| **HEALTH BRANDS, INC., and** | § | |
| **COMPASS HEALTH BRANDS** | § | |
| | § | |
| **Defendants.** | § | **OF TARRANT COUNTY, TEXAS** |

<div align="center">

**PLAINTIFF'S ORIGINAL PETITION**

</div>

**TO THE HONORABLE JUDGE OF SAID COURT:**

    **NOW COMES** Maria Olga Castillo (hereinafter referred to as "Plaintiff"), complaining of and about Walmart Starco, LLC, Wal-mart Stores Texas, LLC, , Apex Medical USA Corp., Apex Medical Corp., Carex Health Brands, Inc., and Compass Health Brands (hereinafter collectively referred to as "Defendants"), and for cause of action would show unto the Court the following:

<div align="center">

**DISCOVERY-CONTROL PLAN**

</div>

    1.    Plaintiff intends that discovery be conducted under Discovery Level 2.

<div align="center">

**RELIEF**

</div>

    2.    Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.00. Tex. R. Civ. P. 47(c)(4).

<div align="center">

**PARTIES**

</div>

    3.    Plaintiff, Maria Olga Castillo, is an individual, living in Tarrant County, Texas at

████████████████████████

4.     Defendant, Walmart Starco, LLC (hereinafter "Defendant Walmart Starco"), is a limited liability company doing business in Texas that may be served with process via its registered agent, C T Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

5.     Defendant, Wal-mart Stores Texas, LLC (hereinafter "Defendant Walmart Texas"), is a corporation doing business in the State of Texas. Defendant, Walmart Stores East, Inc., may be served with process via its registered agent, C T Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

6.     Defendant, Apex Medical USA Corp. (hereinafter "Defendant Apex USA"), is a corporation doing business in the State of Texas that may be served with process via its registered agent or the President of the corporation, PJ Hsueh, at 927 Mariner Street, Brea, California, 92821.

7.     Defendant, Apex Medical Corp. (hereinafter "Defendant Apex Corp."), is a corporation doing business in the State of Texas that may be served with process via its registered agent or President of the corporation at 921 E. Amidon Street, Sioux Falls, South Dakota 57101.

8.     Defendant, Carex Health Brands, Inc. (hereinafter "Defendant Carex"), is a corporation doing busines in the State of Texas that may be served with process via its registered agent, Matt Mcelduff, at 600 Cordwainer Drive, First Floor, Norwell, MA 02061.

9.     Defendant, Compass Health Brands (hereinafter "Defendant Compass"), is a corporation doing business in the State of Texas that may be served with process via its registered agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## JURISDICTION

10.     The subject matter in controversy is within the jurisdictional limits of this Court. This Court has jurisdiction over the parties because Defendants have purposefully availed themselves to conduct business within the State of Texas. Moreover, the Court has jurisdiction

over the parties because Defendant Wal-Mart Stores Texas, LLC, is a resident of Texas.

## VENUE

11.    Venue in Tarrant County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

12.    In or around late 2019, Plaintiff purchased a Thermipaq hot/cold wrap and/or pad from a Walmart Supercenter located at 4100 W Airport Freeway, Irving, Texas 75062. On or around November 6, 2019, Plaintiff placed the Thermipaq in her microwave in order to heat the item prior to using it. To the best of Plaintiff's recollection, she placed the Thermipaq in the microwave for one minute. Upon opening her microwave door, while using the Thermipaq for the purpose and in the manner in which it was intended to be used, the Thermipaq suddenly and without warning exploded and the contents were projected onto the Plaintiff's chest causing severe burns through her t-shirt and sweater.

13.    Plaintiff immediately removed her clothing and noticed severe injuries to her chest area. At all times relevant hereto, Plaintiff was using the Thermipaq as directed by the instructions provided with the item.

14.    Plaintiff experienced an onset of excruciating and debilitating pain and was taken to City Hospital Emergency Care Center and Parkland Hospital Burn Unit where it was determined that Plaintiff suffered multiple second-degree burns to her chest.

15.    The explosion of the Thermipaq caused serious injuries to Plaintiff resulting in skin deformities, loss of mobility, and constant pain. As such, Plaintiff seeks damages for pecuniary

loss, medical expenses, physical impairment, permanent disfigurement, pain and suffering, and mental anguish.

## STRICT PRODUCTS LIABILITY—MANUFACTURING DEFECT CLAIM AS TO DEFENDANTS APEX USA, APEX CORP., CAREX, AND COMPASS

16.     Plaintiff incorporates by reference and re-alleges the paragraphs above the same as if set out at length herein.

17.     At all times material herein, Defendants Apex USA, Apex Corp., Carex, and/or Compass, were engaged in the manufacturing of health-care products for sale to the general public of the United States and the State of Texas, including the Thermipaq hot/cold wrap that caused injuries to Plaintiff as complained of hereinabove. Defendants distribute the Thermipaq to retailers throughout the United States.

18.     At the time the Thermipaq left the Defendants' possession and control, it was in a condition not contemplated by Plaintiff and was unreasonably dangerous to Plaintiff for its intended and foreseeable use because the Thermipaq failed to conform to the applicable design standards and specifications. Specifically, the Thermipaq, as manufactured, was unreasonably dangerous to an extent beyond which would be contemplated by the Plaintiff in that the Thermipaq exploded.

19.     The Defendants knew and intended that the Thermipaq would be purchased and used by consumers without inspection for defects in the product. Defendant also knew, or should have known, that at the time their product left their control, the design, nature, and danger of the Thermipaq could cause Plaintiff damage.

20.     The defective condition of the Thermipaq was a producing cause of the damages sustained by Plaintiffs as alleged herein and made the basis of this suit.

21.     Plaintiff seeks damages within the jurisdictional limits of this Court.

PLAINTIFF'S ORIGINAL PETITION

## STRICT PRODUCTS LIABILITY—DESIGN DEFECT CLAIM AS TO DEFENDANTS APEX USA, APEX CORP., CAREX, AND COMPASS

22.     Plaintiff incorporates by reference and re-alleges paragraphs 1-21 the same as if set out at length.

23.     At all times material herein, Defendants, Apex USA, Apex Corp., Carex, and/or Compass, were engaged in the business of selling the Thermipaqs made the basis of this lawsuit, which were for sale to the general public throughout the United States and the State of Texas.

24.     At the time that the Thermipaq left the Defendants' possession and control, they were in a condition not contemplated by the Plaintiff and was unreasonably dangerous to the Plaintiff for its intended and foreseeable use as designed, when taking into consideration the utility of the product, the risk involved in its use, and that safer designs were available.

25.     The defective design was unreasonably dangerous to an extent beyond which would be contemplated by Plaintiff in that the Thermipaq exploded.

26.     Defendants knew and intended that the Thermipaq would be purchased and used by consumers without inspection for defects in the product. Defendants also knew, or should have known, that at the time its product left its control, the design, nature, and danger of the Thermipaq could cause Plaintiff damage.

27.     The defective condition was a producing cause of the damages sustained by Plaintiff as alleged herein and made the basis of this suit. Therefore, Plaintiff seeks damages within the jurisdictional limits of this Court.

## STRICT PRODUCTS LIABILITY—FAILURE TO WARN CLAIM AS TO DEFENDANTS APEX USA, APEX CORP., CAREX, AND COMPASS

28.     Plaintiff incorporates by reference and re-alleges paragraphs 1-27 the same as if set out at length herein.

29.     At all times material herein, Defendants, Apex USA, Apex Corp., Carex, and/or Compass, knew the Thermipaqs were defective and that they posed a high risk of producing injuries during normal use, and that such result was potentially life threatening to each individual to whom the product was sold.

30.     Notwithstanding this knowledge, Defendants failed to give sufficient, conspicuous notice to the purchasers of the grave risks associated with use of the product, and instead placed and persisted in placing the defective product into the stream of commerce, thus causing harm and injuries to Plaintiff.

31.     Defendants were in a position to detect and warn consumers that the Thermipaqs had a propensity to explode, but Defendants failed to do so.

32.     Defendants' failure to warn Plaintiff of the dangerous and defective Thermipaq was a proximate and producing cause of Plaintiff's damages as alleged herein. Therefore, Plaintiff seeks damages within the jurisdictional limits of this Court.

## NEGLIGENCE CLAIM AS TO DEFENDANTS APEX USA, APEX CORP., CAREX, AND COMPASS

33.     Plaintiff incorporates by reference and re-alleges paragraphs 1-32 above the same as if set out at length herein.

34.     Defendants, Apex USA, Apex Corp., Carex, and/or Compass, owed a duty to exercise reasonable, prudent, and ordinary care in the sale of the Thermipaq through its agents, representatives, and/or employees. Defendants' acts and/or omissions fell well below the applicable standard of care and it breached its duty by negligently selling a defective Thermipaq to Plaintiff, which subsequently exploded. Defendants also breached their duty by failing to timely and effectively warn Plaintiff and by failing to act as a reasonably prudent seller would have under the same or similar circumstances.

35.     Defendants, Apex USA, Apex Corp., Carex, and/or Compass, intended for its product to be used by the general public and sold the product at issue to Defendants, Walmart Starco and/or Defendant Walmart Texas, for distribution into the stream of commerce. Plaintiff's injuries resulted from Defendants' gross negligence, which entitles Plaintiff to exemplary damages under Texas Civil Practices & Remedies Code Section 41.003(a).

36.     Plaintiff would show that Defendant's acts and/or omissions when viewed objectively from the standpoint of the actor at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.

37.     Defendants' possessed actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others such as Plaintiff. Defendants' breach of duty proximately caused Plaintiff's damages as alleged herein, and as such Plaintiff seeks damages within the jurisdictional limits of this Court.

## NEGLIGENCE PER SE CLAIM AS TO DEFENDANTS APEX USA, APEX CORP., CAREX, AND COMPASS

38.     Plaintiff incorporates by reference and re-alleges paragraphs 1-37 above the same as if set out at length herein.

39.     Defendants, Apex USA, Apex Corp., Carex, and/or Compass, violated Texas Civil Practices & Remedies Code Section 82.005 by selling the Thermipaq to Plaintiff which had an underlying defect in design.

40.     Plaintiff would hereby show that a reasonably safer alternative design was available to prevent the Thermipaq from exploding in a microwave.

41.     The above-referenced statute is designed to protect a class of persons to which Plaintiff belongs against the type of injury suffered by Plaintiff.

42.     Defendants' violation of the statute was without legal excuse, and Defendants'

breach of the duty imposed by the statute proximately caused injury to Plaintiff, which resulted in damages within the jurisdictional limits of this Court.

## BREACH OF WARRANTY CLAIM AS TO DEFENDANTS APEX USA, APEX CORP., CAREX, AND COMPASS

43.     Plaintiff incorporates by reference and re-alleges paragraphs 1-42 above the same as if set out at length herein.

44.     Defendants, Apex USA, Apex Corp., Carex, and/or Compass, as the designer, manufacturer, marketer, distributor, and/or seller of the Thermipaq product, expressly warranted that the product was fit for its intended purpose, that it was of merchantable quality, and that it was safe and fit for purposes intended when used in an ordinary manner under ordinary conditions.

45.     Defendants breached such warranties by designing, manufacturing, distributing, supplying, and/or selling the product in question when it was neither safe nor fit for the purposes intended.

46.     The product in question, Thermipaq, was not altered by Plaintiff in any way. The product was defective when it left the exclusive control of the Defendants, and Defendants knew the product would be used without additional inspection by Plaintiff. The Thermipaq was not safe and fit for the purposes intended and Plaintiff did not receive the goods as warranted.

47.     As a direct and proximate cause of Defendants' breach of warranty, Plaintiff has suffered injuries and seeks damages within the jurisdictional limits of this Court.

## NEGLIGENCE PER SE CLAIM AS TO DEFENDANT WALMART STARCO AND WALMART TEXAS

48.     Plaintiff incorporates by reference and re-alleges paragraphs 1-47 above the same as if set out at length herein.

49.     Defendants, Walmart Starco and Walmart Texas, violated Texas Civil Practices &

Remedies Code Section 82.003 by selling a product, even though they did not manufacture said product, Defendants knew was defective at the time the Defendants supplied the product and the Plaintiff's harm resulted from said defect. As such, Plaintiff intends to prove that at the time of sale Defendants, as large distributors of the product, had knowledge of the defect in the Thermipaqs that caused Plaintiff's injuries.

50.     The above-reference statute is designed to protect a class of persons to which Plaintiff belongs against the type of injury suffered by Plaintiff.

51.     Defendants' violation of the statute was without legal excuse, and Defendants' breach of the duty imposed by the statute proximately caused injury to Plaintiff, which resulted in damages within the jurisdictional limits of this Court.

## NEGLIGENCE MISREPRESENTATION CLAIM AS TO DEFENDANT WALMART STARCO AND WALMART TEXAS

52.     Plaintiff incorporates by reference and re-alleges paragraphs 1-51 above the same as if set out at length herein.

53.     Defendants, Walmart Starco and Walmart Texas, represented to Plaintiff that they would provide a Thermipaq product that would conform to the qualities of the same or similar product for use in a Thermipaq.

54.     Defendants made the representations for the guidance of others, specifically the Plaintiff, when she purchased the Thermipaq. Defendants' representations were a misstatement of fact, and Defendant did not use reasonable care in communicating the information. Defendants represented to Plaintiff that the batteries were safe for use and free of defects. Instead, the Thermipaq exploded as Plaintiff was using it in a manner prescribed by Defendants.

55.     Defendants' misrepresentation proximately caused injury to Plaintiff, which resulted in Plaintiff suffering damages within the jurisdictional limits of this Court.

## COMMON LAW FRAUD CLAIM AS TO DEFENDANT WALMART STARCO AND WALMART TEXAS

56.    Plaintiff incorporates by reference and re-alleges paragraphs 1-55 above the same as if set out at length herein.

57.    Plaintiff would show that Defendants, Walmart Starco and Walmart Texas, made material false representations to Plaintiff with knowledge of their falsity or with reckless disregard of the truth with the intention that such representations be acted upon by Plaintiff, and that Plaintiff relied upon these representations to her detriment.

58.    Plaintiff would further show that Defendants concealed or failed to disclose material facts within their knowledge, that Defendants knew that Plaintiff did not have knowledge of the same and did not have equal opportunity to discover the truth, and that Defendants intended to induce Plaintiff to enter into the transaction made the basis of this lawsuit by such concealment or failure to disclose.

59.    Defendants' fraud was a direct and proximate cause of Plaintiff's injuries, and therefore Plaintiff seeks damages within the jurisdictional limits of this Court.

## BREACH OF IMPLIED WARRANTY CLAIM AS TO DEFENDANT WALMART STARCO AND WALMART TEXAS

60.    Plaintiff incorporates by reference and re-alleges paragraphs 1-59 above the same as if set out at length herein.

61.    Defendants, Walmart Starco and Walmart Texas, breached the implied warranties of merchantability and fitness for a particular purpose when they sold the Thermipaq to Plaintiff.

62.    At the time Defendants sold the Thermipaq to Plaintiff, Defendants implied warranted that the Thermipaq was of a good and merchantable quality, free from defects and Plaintiff could properly and safely use the Thermipaq for its intended and foreseeable purposes.

63.     The Thermipaq was not of merchantable quality at the time it left the possession and control of Defendants, nor was it fit for its particular and intended purpose. Specifically, the Thermipaq was defective and unreasonably dangerous when used for its intended and particular purpose when it exploded.

64.     Defendants' breach of the implied warranties of merchantability and fitness for a particular purpose were a proximate and producing cause of Plaintiff's damages as alleged herein, and Plaintiff seeks damages within the jurisdictional limits of this Court.

## EXEMPLARY DAMAGES

65.     Plaintiff incorporates by reference and re-alleges paragraphs above the same as if set out at length.

66.     Defendants' acts or omissions described hereinabove, when viewed from the standpoint of Defendants at the time of the acts or omissions, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendants had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

67.     Based on the facts stated herein, Plaintiff requests exemplary damages be awarded to Plaintiff from Defendants.

## DAMAGES FOR PLAINTIFF, MARIA CASTILLO

68.     Plaintiff incorporates by reference and re-alleges paragraphs 1-67 above the same as if set out at length herein.

69.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Maria Castillo, was caused to suffer personal injuries, past and future medical expenses,

past and future pain and suffering, past and future mental anguish and to incur the following damages:

    A.    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Tarrant County, Texas;

    B.    Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

    C.    Physical pain and suffering in the past;

    D.    Physical pain and suffering in the future;

    E.    Physical impairment in the past;

    F.    Physical impairment which, in all reasonable probability, will be suffered in the future;

    G.    Mental anguish in the past;

    H.    Mental anguish in the future; and

    I.    Permanent disfigurement.

70.    By reason of the above, Plaintiff, Maria Castillo, has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Maria Castillo, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; exemplary damages, excluding interest, and as allowed by Sec. 41.008, Chapter 41, Texas Civil Practice and Remedies Code; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by

law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,


By: _/s/ James M. Murrell_____
Jim R. Ross
State Bar No. 24010362
James M. Murrell
JIM ROSS LAW GROUP, P.C.
2221 E. Lamar Blvd., Suite 800
Arlington, Texas 76006
Telephone:  (817) 275-4100
Facsimile:  (817) 275-4106
Email: litigation@jimrosslaw.com

*Attorneys for Plaintiff*
*Maria Castillo*




**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

# Exhibit B

## Declaration of Fangyu Chu

1.  My name is Fangyu Chu, my date of birth is Jan. 15th, 1979.  My address is 927 Mariner Street, Brea, CA92821.  My authority in this case is limited to specially appearing on behalf of Apex Medical USA Corp. for this motion and for no other purpose.  I am familiar with all relevant business affairs of Apex Medical USA Corp. and business records maintained in the usual course of business and I am the custodian of those records.  I have reviewed documents, including but not limited to the Petition. I declare under penalty of perjury that the statements in this declaration are true and correct and are within my personal knowledge.  This unsworn declaration is being executed in Brea, California on January 29th, 2021.

2.  I am the operation manager of Apex Medical USA Corp.  Apex Medical USA Corp. does not sell, manufacture or distribute any hot/cold wrap.  Apex Medical USA Corp sells air mattress, autoclave, CPAP device and masks.

3.  Apex Medical USA Corp.'s headquarters and principal place of business is in California.

4.  Apex Medical USA Corp. does not have any offices other than in California in the United States.

5.  Apex Medical USA Corp.'s products are made in Asia.

6.  Apex Medical USA Corp. only ships products in California.

7.  Apex Medical USA Corp. has never sold or shipped hot/cold pad.

8.  The subject product at issue in this instant matter is sold by other defendants in this matter.  See Exhibit C for a true and correct copy of the advertisements of the

subject product by other defendants.   <u>Exhibit D</u> is true and correct copy of the products sold by Apex Medical USA Corp.

9.     Apex Medical USA Corp. has no property or agents in Texas.

10.    Apex Medical USA Corp. does not have employees in Texas.

11.    Apex Medical USA Corp. is not licensed to do business in Texas.

12.    Apex Medical USA Corp. has no contracts or agreements in Texas or any contracts or agreements controlled by Texas law.

13.    Apex Medical USA Corp. does not have any bank accounts in Texas.

14.    Apex Medical USA Corp. has never paid taxes in Texas.

15.    Apex Medical USA Corp. does not advertise or market the subject product at issue to Texas.

16.    Apex Medical USA Corp. did not intend for the product at issue to be used or sold in Texas.

17.    Apex Medical USA Corp. did not place the product at issue into the stream of commerce with the expectation that it would be used in Texas.

18.    Apex Medical USA Corp. simply does not have any systematic and continuous activities in Texas to render it "at home" in this state.

19.    Apex Medical USA Corp. has never sued or been sued in state or federal courts in the State of Texas.

20.    Apex Medical USA Corp. does not consent to jurisdiction over it by the Courts of the State of Texas and Federal Courts venued in Texas in general or the Tarrant County District Court in particular.

Fangyu Chu

# Exhibit C

2021/1/30    ThermiPaq Reusable Ice Pack For Injuries, Hot Cold Pack For Shoulder, Elbow, Ankles, Back and Knee, X-Large, 9.5" x 16" - Walm...

Case 4:21-cv-00125-O    Document 1-3    Filed 02/05/21    Page 58 of 109    PageID 69

Pickup & delivery                                        Walmart.com

Search Walmart.com    🔍                                    0

NEW! Free shipping with no order min. Restrictions apply.

Learn more

Health / First Aid / Ice Packs                                    ♡



4 of 6

💬 Report incorrect product information

ThermiPaq

## ThermiPaq Reusable Ice Pack For Injuries, Hot Cold Pack For Shoulder, Elbow, Ankles, Back and Knee, X-Large, 9.5" x 16"

★★★★½ (4.6)    5 ratings    4 comments

### $28.33

FSA and HSA eligible    See details

Qty:
1 ⌄

Add to cart



🚚 Free delivery

Case 4:21-cv-00125-O    Document 1-3    Filed 02/05/21    Page 59 of 109    PageID 70

Pickup & delivery                                         Walmart.com

    Search Walmart.com                    🔍                    0

More delivery & pickup options

Sold & shipped by ATC Medical    |    Return policy

☰ Add to list              🎁 Add to registry

## 10 other sellers from $27.68

**$27.68**+ Free **delivery**
Sold & shipped by Katy Med Solutions

**$29.61**+ Free **delivery**
Sold & shipped by Emerald City Imports

**Compare all 11 sellers**

Advertisement

Feedback
💬

# Customers also considered

Case 4:21-cv-00125-O    Document 1-3    Filed 02/05/21    Page 60 of 109    PageID 71



Pickup & delivery                                                    Walmart.com

Search Walmart.com                                  🔍                           0

---

## Customers also bought these products

Feedback

2021/1/30    ThermiPaq Reusable Ice Pack For Injuries, Hot Cold Pack For Shoulder, Elbow, Ankles, Back and Knee, X-Large, 9.5" x 16" - Walm…

Case 4:21-cv-00125-O   Document 1-3   Filed 02/05/21   Page 61 of 109   PageID 72

Pickup & delivery                                                    Walmart.com

 Search Walmart.com    Q                                    0

**We aim to show you accurate product information.** Manufacturers, suppliers and others provide what you see here, and we have not verified it. See our disclaimer

An Ice Pack and Microwavable Heating Pad Hot Pack â" For Injuries and Sore Muscles The ThermiPaq Extra Large Heat Pack & Cold Pain Relief Wrap is a leader in cold packs for injuries and hot packs for pain. The hot pad cold pad uses a thermal ceramic compound made from all-natural, clay-based materials. Developed by a former NASA engineer, this revolutionary compound utilizes radiant energy to create a deep penetrating, therapeutic system for hot and cold applications. The pack is reusable and offers radiant energy that offers distinct advantages transferring heat and cold slowly and evenly to your affected pain area. This allows heat therapy to penetrate deeper and more effectively. The Extra Large Therapeutic Hot & Cold Pain Relief Wrap conforms to all parts of the body including the back, knee, thighs and shoulders. The clay based properties of Thermipaq enable you to easily mold the ThermiPaq heat pad to any affected area for better pain relief. ThermiPaq is safe and easy to use. Our radiant energy technology allows ThermiPaq to heat evenly throughout without generating "hot spots" that can harm your skin. For hot therapy, the pad quickly heats in the microwave (see instructions for microwaveable hot times). For cold therapy, place the pad in the freezer and it is ready for use in one hour.ThermiPaq Reusable Ice Pack For Injuries, Hot Cold Pack For Shoulder, Elbow, Ankles, Back and Knee, X-Large, 9.5" x 16"

## Indications:

**Health Concern:** neck pain shoulder pain leg pain Back Pain

---

**WARNING:**

See bottom for safety instructions. Use as directed to avoid possible injury. Test temperature by applying ThermiPaq to sensitive skin, such as the underside of the wrist. Always test the ThermiPaq pad inside its special cloth cover. If the ThermiPaq wrap feels uncomfortable, remove for a few minutes and retest until comfortable. Do not use on infants. Pay special attention when using ThermiPaq for young children and older persons whose skin may be less sensitive to temperature extremes. Persons with diabetes, circulatory problems, nerve damage, paralysis or insensitive skin should use only as directed by a physician. Consult your doctor before treating any serious injury or when pain persists. Do not use in conjunction with liniments, balms or lotions.

---

Specifications                              **Comparison Chart**

---

| You are viewing |
| --- |



Carex Health Brands ThermiPaq Pain Reli…



ThermiPaq Hot & Cold Pack Pain Relief Wrap,…



ThermiPaq Hot and Co… Pack Wrap Pain Relie…

Feedback

2021/1/30    ThermiPaq Reusable Ice Pack For Injuries, Hot Cold Pack For Shoulder, Elbow, Ankles, Back and Knee, X-Large, 9.5" x 16" - Walm…

Case 4:21-cv-00125-O   Document 1-3   Filed 02/05/21   Page 62 of 109   PageID 73



| Components ▾ | | | |
|---|---|---|---|
| Gender | Unisex | Unisex | Unisex |
| Manufacturer Part Numb… | CA05302 | TPF5201LP | TPF5302LP |
| Assembled Product Weig… | 51.2 | 1.85 lb | 3.56 lb |
| Model | 749836053025 | TPF5201LP | TPF5302LP |
| Flexible Spending Account-Eligible | Y | Y | Y |
| Brand | ThermiPaq | ThermiPaq | ThermiPaq |
| Product Category | Health & Beauty | Health & Beauty | Health & Beauty |
| Manufacturer | Carex Health Brands | Compass Health Brands | Compass Health Bran |

## Customers also viewed these products

Feedback

2021/1/30 ThermiPaq Reusable Ice Pack For Injuries, Hot Cold Pack For Shoulder, Elbow, Ankles, Back and Knee, X-Large, 9.5" x 16" - Walm…

Case 4:21-cv-00125-O   Document 1-3   Filed 02/05/21   Page 63 of 109   PageID 74

Pickup & delivery | Walmart.com

 Search Walmart.com 🔍 0

# Sponsored Products

---

# Customer Comments

What others said when purchasing this item

I have another one I bought several years ago and it's the best for whatever you need to use it for.

Eldon, purchased on January 23, 2021                                    Report

Have used before and I like it.

alan, purchased on January 18, 2021                                     Report

Feedback 💬

**1**    2    ＞

---

2021/1/30          ThermiPaq Reusable Ice Pack For Injuries, Hot Cold Pack For Shoulder, Elbow, Ankles, Back and Knee, X-Large, 9.5" x 16" - Walm...

Case 4:21-cv-00125-O   Document 1-3   Filed 02/05/21   Page 64 of 109   PageID 75

Pickup & delivery                                              Walmart.com

Search Walmart.com                    🔍                         0

★★★★⯪          Recommended
5 ratings            (4 of 4)

5 stars                                    3
4 stars                                    2
3 stars                                    0
2 stars                                    0
1 star                                     0

**See all reviews**     Write a review

5 reviews                                              Sort by: most relevant ▼

---

★★★★★   **Cordless heating pad**

April 24, 2020    |   Verified purchase

I am very happy with this piece . It is a heating pad without any cord . I had the smaller one first.when I saw the large one I had to buy it . If you take it to bed or sit in your recliner it is great.



**Donald**

Helpful?   Yes (2)   No (1)   |   Report

---

★★★★★   **Best heat wraps for me!!**

February 26, 2018    |   Verified purchase

The clay like material of these wraps is, in my opinion, the best source of heat for arthritis or injury. They will last several years if you follow directions and don't overheat!!! This larger one is often not in stores so thank you for making it available on line. Love it!

**Happy Camper**

Written by a **samsclub.com** customer.

Helpful?   Yes (1)   No (0)   |   Report

Feedback 🗩

---

★★★★★   **Great for all muscles**

2021/1/30 ThermiPaq Reusable Ice Pack For Injuries, Hot Cold Pack For Shoulder, Elbow, Ankles, Back and Knee, X-Large, 9.5" x 16" - Walm…

Case 4:21-cv-00125-O Document 1-3 Filed 02/05/21 Page 65 of 109 PageID 76

Pickup & delivery  Walmart.com

Search Walmart.com  🔍  0

Helpful? Yes (0) No (0) | Report

---

★★★★☆ **Soft and pliable, doesn't stay cold for long**

**May 4, 2020** | **Verified purchase**

I really like the softness and the way it lays over the shoulder. My biggest complaint is it does not stay cold long enough.

**mailbag**

Helpful? Yes (0) No (0) | Report

---

★★★★☆ **ThermiPaq**

**March 4, 2017** | **Verified purchase**

Haven't used it as a hot pack. It's heavier than I expected. I like the heaviness. Feels like those used in a chiropractor's office. I would buy again.

**BBoat**

Written by a **samsclub.com** customer.

Helpful? Yes (2) No (1) | Report

---

Feedback

2021/1/30 ThermiPaq Reusable Ice Pack For Injuries, Hot Cold Pack For Shoulder, Elbow, Ankles, Back and Knee, X-Large, 9.5" x 16" - Walm…

Case 4:21-cv-00125-O   Document 1-3   Filed 02/05/21   Page 66 of 109   PageID 77

Pickup & delivery                                              Walmart.com

Search Walmart.com

0

## Customer Q&A

Get specific details about this product from customers who own it.

Ask a question

Feedback

2021/1/30    ThermiPaq Reusable Ice Pack For Injuries, Hot Cold Pack For Shoulder, Elbow, Ankles, Back and Knee, X-Large, 9.5" x 16" - Walm…

Case 4:21-cv-00125-O    Document 1-3    Filed 02/05/21    Page 67 of 109    PageID 78

Pickup & delivery                                        Walmart.com

Search Walmart.com                    🔍                        0

**Pricing policy**

## Pricing policy

About our prices

We're committed to providing low prices every day, on everything. So if you find a current lower price from an online retailer on an identical, in-stock product, tell us and we'll match it. See more details at Online Price Match.

# Consider these popular products

Feedback

2021/1/30 ThermiPaq Reusable Ice Pack For Injuries, Hot Cold Pack For Shoulder, Elbow, Ankles, Back and Knee, X-Large, 9.5" x 16" - Walm...

Case 4:21-cv-00125-O   Document 1-3   Filed 02/05/21   Page 68 of 109   PageID 79

Pickup & delivery                                    Walmart.com

Search Walmart.com                    🔍                    0

Enter email for weekly newsletter.                    Sign up

f  🐦  📌  ▶  📷                         ⬛ Mobile apps

**Walmart Services**

**Grocery Pickup & Delivery**

**Get to Know Us**

**Store Directory**

**Privacy & Security**

**CA Privacy Rights**

**Do Not Sell My Personal Information**

**Request My Personal Information**

**Customer Service**

**Terms of Use**

Feedback

Shop Our Brands

  BONOBOS  E L O Q U I I HAYNEEDLE® Moosejaw



© 2021 Walmart. All Rights Reserved.

2021/1/30 ThermiPaq Reusable Ice Pack For Injuries, Hot Cold Pack For Shoulder, Elbow, Ankles, Back and Knee, X-Large, 9.5" x 16" - Walm…

Case 4:21-cv-00125-O   Document 1-3   Filed 02/05/21   Page 69 of 109   PageID 80

Pickup & delivery

Walmart.com

Search Walmart.com

0

Feedback

     Back  ‹  6 / 8  ›  | View in the original language |  Go to:  | TM info ⌄ |

## THERMIPAQ




Search for trade marks with similar images

**Trade mark status**
Registered

**Status date**
02/04/2018

**210/260 Application number**
85464003

**111 Registration number**
4209032

**Kind of IPR**
Trade mark

**550 Trade mark type**
Combined

**551 Kind of mark**
Individual

**571 Mark image description**
The mark consists of a rectangular design vertically split into two smaller, narrower rectangles; the smaller, left hand rectangle has a red background and the smaller, right hand rectangle has a blue background. In the upper right-hand corner of the blue rectangle is the word "ThermiPAQ" written in white lettering in a combination of upper and lowercase characters. The "i" in "ThermiPAQ" is dotted with a red dot while the letters "P","A","Q" in all caps are superimposed on a red, square background with two

### Dates

**220 Application date**
03/11/2011

**151 Registration date**
18/09/2012

**Opposition period start date**
03/07/2012

### Office



[View this trade mark in the office of origin ⧉](#)

**Trade mark office**
United States - USPTO

**190 Registration office**
US

[Show more](#)

### Owner

**Applicant name**
COMPASS HEALTH BRANDS CORP.

**841 Applicant nationality code**
US

**842 Applicant legal entity**
公司

**Address**

curved corners.
Emanating from the
center of the
rectangular design
are ray-like lines
fanning out in all
directions. The rays
on the left side of
the design are white
and yellow whereas
the rays on the right
side of the design
are light blue.

270 Application
language code
en

511 Nice classification
010

Show more

6753 ENGLE
ROAD

City
MIDDLEBURG
HEIGHTS

State
OH

Postcode
44130

Address country
US

## Representative

Name
Lorri W Cooper

## Goods and Services

Classification kind
Nice

Language:   English
            (Original) ⌄

010 Hot and cold pads and wraps for
relieving pain for medical purposes

Classification kind
Domestic (3)

Language:   English
            (Original) ⌄

026 Measuring and Scientific Appliances

039 Clothing

044 Dental, Medical and Surgical Appliances

## Correspondence address

Address
Lorri W Cooper
Medley, Behrens
& Lewis LLC
6100 Rockside
Woods Blvd.,
Suite 440
Independence
OH 44131

## Vienna code

01.15.25   Other natural phenomena not
           classified in other divisions or
           categories, soil

26.09.21

| 26.11.10 | Straight lines or bands |
| 26.11.21 | Set of lines evoking speed or propulsion |

# CLAIMS

## Publication (2)

| Date | Number | Section |
|------|--------|---------|
| 18/09/2012 | | Registration |
| 03/07/2012 | | Application |

### Exhibition priority
No information available

### Priority
No information available

### International registration transformation
No information available

### Seniority
No information available

# PROCEDURES

## Opposition
No information available

## Recordals

| Event date | Event description |
|------------|-------------------|
| 02/04/2018 | Registered - sec. 8 (6-yr) accepted & sec. 15 ack. |
| 02/04/2018 | Notice of |

## Cancellations
No information available

## Renewals

acceptance of
sec. 8 & 15 - e-
mailed

| | |
|---|---|
| 02/04/2018 | Case assigned to post registration paralegal |
| 22/03/2018 | Teas section 8 & 15 received |
| 18/09/2017 | Courtesy reminder - sec. 8 (6-yr) e-mailed |
| 16/11/2016 | Automatic update of assignment of ownership |
| 19/10/2016 | Teas revoke/app/change addr of atty/dom rep received |
| 19/10/2016 | Attorney/dom.rep.revoked and/or appointed |
| 22/09/2015 | Teas revoke/app/change addr of atty/dom rep received |
| 22/09/2015 | Attorney/dom.rep.revoked and/or appointed |
| 21/01/2015 | Teas change of correspondence received |
| 25/08/2014 | Teas revoke/app/change addr of atty/dom rep received |
| 25/08/2014 | Attorney/dom.rep.revoked and/or appointed |
| 28/05/2014 | Assignment of ownership not updated automatically |
| 09/04/2014 | Automatic update of assignment of ownership |
| 18/09/2012 | Registered- |

No information available

| | |
|---|---|
| | principal register |
| 03/07/2012 | Published for opposition |
| 03/07/2012 | Official gazette publication confirmation e-mailed |
| 13/06/2012 | Notification of notice of publication e-mailed |
| 27/05/2012 | Law office publication review completed |
| 24/05/2012 | Approved for pub - principal register |
| 02/05/2012 | Teas/email correspondence entered |
| 01/05/2012 | Teas response to office action received |
| 01/05/2012 | Correspondence received in law office |
| 30/04/2012 | Notification of non-final action e-mailed |
| 30/04/2012 | Non-final action e-mailed |
| 30/04/2012 | Non-final action written |
| 23/04/2012 | Previous allowance count withdrawn |
| 05/04/2012 | Withdrawn from pub otqr request |
| 24/03/2012 | Law office publication review completed |
| 24/03/2012 | Assigned to lie |

| 07/03/2012 | Notification of examiners amendment e-mailed |
| 07/03/2012 | Examiners amendment e-mailed |
| 07/03/2012 | Examiners amendment - written |
| 07/03/2012 | Examiner's amendment entered |
| 07/03/2012 | Approved for pub - principal register |
| 05/03/2012 | Previous allowance count withdrawn |
| 28/02/2012 | Notification of examiners amendment e-mailed |
| 28/02/2012 | Examiners amendment e-mailed |
| 28/02/2012 | Examiners amendment - written |
| 28/02/2012 | Examiner's amendment entered |
| 28/02/2012 | Approved for pub - principal register |
| 21/02/2012 | Assigned to examiner |
| 08/11/2011 | Notice of design search code mailed |
| 07/11/2011 | New application office supplied data entered in tram |
| 07/11/2011 | New |

application
entered in tram

## Appeals

No information available

Search    Participating offices    Help    Your feedback

EUIPN European Union Intellectual
Property Network ⏷

Avenida de Europa, 4, 03008
Alicante (SPAIN)

Information Centre:
+34 96 513 9100

Copyright 2007-2020
EUIPO

This website is coordinated and maintained by: **European Union Intellectual Property
Office**

TMDSVIEW-3.8.0-RC4.2        **Compatibility    Data protection    Legal notice**

FREE SHIPPING ON ORDERS OVER $50

(800)526-8051     CONTACT US     REGISTER PRODUCT     BUSINESS ACCOUNTS     BLOG

CANADA SITE

LOG IN      0 Cart


CAREX®

SHOP BY CONDITION ⌄    MOBILITY ⌄    BATH SAFETY ⌄    PAIN MANAGEMENT ⌄

SLEEP THERAPY ⌄    BRIGHT LIGHT THERAPY ⌄    HOMECARE ⌄    PROMOTIONS ⌄

HOME / HOT AND COLD THERAPY PRODUCTS / THERMIPAQ HOT/COLD PAIN RELIEF WRAP



Item # : TPF5302LP

# THERMIPAQ HOT/COLD PAIN RELIEF WRAP

Availability:    In Stock

> **Please Note:** Due to the current COVID-19 crisis, the arrival date of this order could be delayed by 6-7 days

**$24.99**

SIZE

~~MEDIUM (6.5" X 12")~~

EXTRA-LARGE (9.5" X 16")

Qty    1     ADD TO CART



## BUY TWO, GET THE THIRD FREE

ThermiPaq Hot/Cold Pain Relief Wrap
☑                                          $24.99

ThermiPaq Hot/Cold Pain Relief Wrap
☑                                          $24.99

Total price:  $49.98

Add selected to cart

| OVERVIEW | TECHNICAL SPECIFICATION |
| --- | --- |

**The ThermiPaq Hot & Cold Pain Relief Wrap uses a thermal ceramic compound made from all-natural, clay-based materials to retain heat when heated and stay cool when frozen.** Developed by a former NASA engineer, this revolutionary "Theramics," compound utilizes radiant energy to create a deep penetrating, therapeutic system for hot and cold applications. ThermiPaq's radiant energy offers distinct advantages transferring heat and cold slowly and evenly to your affected pain area. This allows Theramics therapy to penetrate deeper and more effectively.



- **Fits tight to conform to all parts of the body.** The hot cold pack conforms to all parts of the body including the back, knees, ankles, and elbows. The clay-based properties of Theramics enable you to easily mold the ThermiPaq pad to any affected area for better pain relief.

- **Clay based hot & cold therapy.** Whether you're looking for a microwave heating pad to reduce swelling or need a cold pack for pain relief, it can do both. The reusable heat pack and cold pack uses clay to retain a consistent temperature for long periods of time.

- **Save and easy to use.** Our radiant energy technology allows ThermiPaq to heat evenly throughout without generating any hot spots that can harm your skin. For hot therapy, the pad quickly heats in the microwave (see included instructions for actual times). For cold therapy, place the pad in the freezer and it is ready for use in one hour.

- **Soft cover with hook and loop straps.** The pain relief wrap is easy and comfortable to use. Its soft cover makes it great to use for long periods of time. The hook and loop straps let it stay in place, acting as a shoulder wrap for pain.

- **Available in medium or extra-large.** The clay-based hot and cold wrap is available in a 6.5" x 12" size or a 9.5" x 16" size.

**Trust in Carex for your pain management.** For 35+ years, we've helped people conquer their pain, keep their independence, and improve the quality of their life. Our pain relief products are battle-tested, customer-centric, and designed to improve the healing process. All of our products fall under our warranty and satisfaction

guarantee. If you're not happy, we'll make it right.

*Need help selecting the right hot & cold therapy item?*

<div style="background:red;color:white">PRODUCT COMPARISON GUIDE</div>

*Need help selecting the right pain management solution?*

**Read our** [guide to pain management](#)**.** We cover the various forms of pain management and what they're right for.



# REVIEWS

Based on 4 reviews   <u>Write a review</u>

## BEEN USING THESE FOR YEARS

Ronnie B on Dec 22, 2020

The instructions ARE important. Some reviewers are disappointed but I'll bet it is from heating the pad in the wrong manner. The instructions are pretty explicit and should be followed. The pads may not feel hot enough at first but the radiated heat increases after a minute or two. Double check the power rating of your microwave and follow the instructions for the proper power level.

We have used 4 different types of heating pads and now this is the only hot/cold pad we buy. We've used them cold and hot. We have worn out about 6 or 8 pads through the years but we easily get more than a year of use from each pad. But don't over-heat them.

## MY ALL TIME FAVORITE ICE PACK

CD on Sep 23, 2020

I have used the clay ThermiPaq products for years. It holds the cold the longest of any other ice pack I have tried. My small one I have had for MANY years, just got a new large one to replace the previous one I had as it got a pin size hole in it and was leaking but it was my fault not the product. I keep them in the freezer when not in use and have never had an issue with them. I use them all the time.

## HORRIBLE!!!!

Tejinder Kaur on Aug 03, 2020

The clay bag burst in the microwave within 20 seconds causing a big scare with the loud pop sound.

## NOT FOR OCCASIONAL USE

Pam on Jul 29, 2020

Used the ThermiPaq two years ago for knee surgery pain. Worked OK. Put it away in it's box and didn't use again until recently when I needed it for an injury. When I took it out of the box, it had solidified into a brick and is pretty much useless. Tried heating it up and it didn't soften anywhere near enough to "conform to body part".

Great little gimmick for short term use, but doesn't store well. Better off with an electric heating pad or an ice bag. At least they are reusable over the long term.

# QUESTIONS & ANSWERS

❓ Ask a Question



**Q** What material is the soft cover made out of?

**A** The hot & cold pain relief wrap is made of Polyester, thanks for asking!

**Q** My Thermipak is 9.5 /16" .How many seconds in the microwave?

**A** This will depend on the microwave watts but no longer than 45 seconds. It's always best to heat it for short, 10-second intervals and continue to see how hot it gets in between.

**Q** Lost my directions , how long do you heat it in the microwave?

**A** This will vary based on which size wrap you have and your microwave. We've included the heating instructions for microwaving based on Watts for the Medium size wrap below. We'd recommend heating your wrap for short 10 second increments and checking how hot it is in between each heating session.

Medium 6" x 12" wrap - 1200 Watt 45 Sec. - 1000 Watt 1 Min. - 800 Watt 1 Min.~15 Sec.

Hope this helps!

**Q** Hi, I have a thermipaq for many years. The inner material become pieces of rocks and blocks. I think it reached end of life. Do I need to recycle it as chemical waste or simply throw it away as normal trash?

**A** Thanks for asking! Because the inner material is all-natural clay-based materials with no hazardous materials, there is no need to recycle it as chemical waste.

**Q** how many years does a clay pack last

**A** Thanks for asking! We've had many users report using it for multiple years and are still using it. However, it will all depend on how often the wrap is used, how often it's being heated up and for how long, and the conditions in which it's stored/used.

«    1 **2**   »

# RELATED PRODUCTS

25% off when bundling       25% off when bundling

Bed Buddy Joint Wrap     Apex Pocket Organizer     Roscoe Medical Respire Pulse Oximeter Oxygen Monitor     Roscoe Touchless Forehead Thermometer

from $13.99          $7.99

$22.99

$79.99

SHOW OPTIONS       ADD TO CART

ADD TO CART

ADD TO CART

## SHOP BY CONDITION

Arthritis
Back Pain
Bariatric
Fibromyalgia
Hemorrhoids
Hip
Injury
Incontinence
Joint Pain

Muscle Weakness
Neck Pain
Osteoporosis
Post Op
Seasonal Affective Disorder
Sleep Apnea

## NAVIGATE

Shop By Condition
Mobility
Bath Safety
Pain Management
Sleep Therapy
Bright Light Therapy

Homecare
Promotions

## ABOUT US

Our Story
Media Room
Careers

Downloadable Content
Contact Us
Media Inquiries/Write for Us
FAQ
Knowledge Base
Warranty
Privacy Policy
Terms & Conditions
Orders & Returns
Become an Affiliate
Replacement Parts

## NEWSLETTER SIGN UP

Sign-Up for our newsletter and take advantage of what Carex has to offer!

YOUR            SUBMIT

# Caring For You



Carex Health Brands is a wholly-owned subsidiary of Compass Health Brands. Site Map. © 2021 copyright Carex Health Brands



FREE SHIPPING ON ORDERS OVER $50

(800)526-8051     CONTACT US     REGISTER PRODUCT     BUSINESS ACCOUNTS     BLOG
CANADA SITE

LOG IN          0 Cart



🔍

SHOP BY CONDITION ⌄    MOBILITY ⌄    BATH SAFETY ⌄    PAIN MANAGEMENT ⌄

SLEEP THERAPY ⌄    BRIGHT LIGHT THERAPY ⌄    HOMECARE ⌄    PROMOTIONS ⌄

RESOURCES TO HELP:

PAIN MANAGEMENT GUIDE

PRODUCT COMPARISON GUIDE

BUYER'S GUIDES

HOME  /  HOT AND COLD THERAPY PRODUCTS

# HOT AND COLD THERAPY PRODUCTS

SORT BY      | Featured |      ⊞ ☰

Bed Buddy®, Thera-Med™ and ThermiPaq™ Hot & Cold products are a convenient, flexible solution for pain relief to maintain an active lifestyle. Bed Buddy and ThermiPaq products offer moist heat therapy and cold therapy and are a natural alternative or compliment to

over the counter drug treatments. Our hot and cold therapy supplies help in managing various types of arthritis pain, joint pain and stiffness, reducing swollen muscles, and nurturing various types of sports injuries.



BUNDLE

ON SALE

**Bed Buddy Relaxation Bundle**

~~$34.97~~    $21.99

SHOW OPTIONS



Buy 2, Get 1 FREE

**Bed Buddy Hot & Cold Wrap**

from $12.99

SHOW OPTIONS

SOLD OUT

**Bed Buddy Back Wrap**

$19.99

VIEW DETAIL



**Bed Buddy Foot Warmers**

from $11.99

SHOW OPTIONS

Buy 2, get 1 FREE

**Bed Buddy Body Wrap**

$16.99

ADD TO CART

ON SALE

**Carex Lavender Neck Wrap Heat Wrap**

~~$19.99~~    $14.99

ADD TO CART

**Bed Buddy Comfort Wrap**

$12.99

SHOW OPTIONS

**ThermiPaq Hot/Cold Pain Relief Wrap**

from $19.99

SHOW OPTIONS

**TheraMed Reusable Cold Pack, Dual**

SOLD OUT

**Bed Buddy Iso-Ball™**

**Bed Buddy Comfort Pack**

**Bed Buddy Joint Wrap**

Temperature

$14.99　　　　　$9.99　　　　　$24.99　　　　from $13.99

ADD TO CART　　　VIEW DETAIL　　　ADD TO CART　　　SHOW OPTIONS

**ON SALE**　　　　　　　**SOLD OUT**

| ThermiPaq Moist Heat Pain Relief Neck Wrap | TheraMed Gel Bead Back Pain Relief Pad | TheraMed Gel Bead Joint Wrap | TheraMed Cold Headache Band |
|---|---|---|---|
| $19.99 | $19.99  $16.99 | $19.99  $14.99 | $8.99 |
| ADD TO CART | ADD TO CART | VIEW DETAIL | ADD TO CART |

**SOLD OUT**

| TheraMed Cold Universal Pad | Bed Buddy Neck & Hand Wrap | Bed Buddy Neck Pillow | Bed Buddy Hot & Cold Sinus Pack |
|---|---|---|---|
| $16.99 | $12.99 | $19.99 | $16.99 |
| ADD TO CART | VIEW DETAIL | ADD TO CART | ADD TO CART |

**ON SALE**

| Carex Lavender Eye Mask | ThermiPaq Moist Heat Back Pain and Headache Relief Wrap | TheraMed IcyCold Gel Bead Sports Pack | TheraMed Clay Compression Joint Wrap |
|---|---|---|---|
| $10.99  $13.99 | $19.99 | $8.99 | $16.99 |

ADD TO CART       ADD TO CART       ADD TO CART       ADD TO CART

SOLD OUT

| TheraMed Clay Compression Back Wrap | TheraMed Soft Touch Joint Wrap | TheraMed Instant Cold Packs, 8 Pack | Bed Buddy Relaxation Mask |
|---|---|---|---|
| $19.99 | $15.99 | $19.99 | $9.99 |
| ADD TO CART | VIEW DETAIL | ADD TO CART | SHOW OPTIONS |

SOLD OUT

| ThermiPaq 8"x14" Icy Cold Pain Relief Wrap | Bed Buddy Lavender Neck and Shoulder Wrap | DPL Flex Pad - Neck & Back Pain Relief Light Therapy Wrap | |
|---|---|---|---|
| $22.99 | $32.99 | $159.99 | |
| VIEW DETAIL | ADD TO CART | ADD TO CART | |

# NEED HELP DECIDING?

## LEARN MORE ABOUT PAIN MANAGEMENT

THE 2020 ULTIMATE GUIDE TO PAIN MANAGEMENT

LEARN MORE



## CONTACT ONE OF OUR PRODUCT EXPERTS FOR HELP

CONTACT US

## WHY CAREX?

## SHOP BY CONDITION

Arthritis
Back Pain
Bariatric
Fibromyalgia
Hemorrhoids
Hip Injury
Incontinence
Joint Pain

Muscle Weakness
Neck Pain
Osteoporosis
Post Op
Seasonal Affective Disorder
Sleep Apnea

## NAVIGATE

Shop By Condition
Mobility
Bath Safety
Pain Management
Sleep Therapy
Bright Light Therapy

Homecare Promotions

## ABOUT US

Our Story
Media Room
Careers

Downloadable Content
Contact Us
Media Inquiries/Write for Us
FAQ
Knowledge Base
Warranty
Privacy Policy
Terms & Conditions
Orders & Returns
Become an Affiliate
Replacement Parts

## NEWSLETTER SIGN UP

Sign-Up for our newsletter and take advantage of what Carex has to offer!

YOUR                    SUBMIT

# Caring For You

Carex Health Brands is a wholly-owned subsidiary of Compass Health Brands. Site Map. © 2021 copyright Carex Health Brands

# Exhibit D



# XT series

## Continuous Positive Airway Pressure

XT series is one of the smallest CPAP in the market. Its palm-sized and light weight design lends itself well to travel.

However, it delivers the same effective therapy as the larger machines, including useful features like easy ramp settings, automatic altitude adjustment, leak compensation and data collection by SD card. And now, enhanced pressure stability and the clinically proven algorithm make the New XT series even more comfortable, with the introduction of the PVA pressure relief function.

Care for a Healthy Life



Apex Medical Corp.



# Small but Effective!

Smaller portable CPAP has become a necessity in OSA market. XT series CPAP system provides performance and value in an extremely small size. It features the illuminated, menu-driven LCD display, universal power supply, stable pressure output, and ultra quiet operation. The compact size with these user-friendly features makes XT series CPAP the best choice for OSA patients.

**Compact Size**
Palm-size design makes it easy to be packed into carry-on luggage.



 



**Built-in Power Supply**
No need to carry an extra external power supply, which is perfect for travel.

**Ultra Quiet Operation**
The delicate technical design ensures an ultra quiet noise level during operation.

**Easy-to-Use Interface**
The LCD display with backlit is clear to read, and the intuitive user interface is easy to use.



 



**SD Card**
The SD card provides a simple way to record patient's data and remotely update the pressure setting.

**Enhanced Pressure Stability**
The enhanced pressure stability avoids additional work of breathing and makes better patient synchrony.

## Features Overview

| Model | XT Fit | XT Sense | XT Prime | XT Auto |
|---|---|---|---|---|
| Auto-Adjusting Pressure | — | — | — | ● |
| PVA Pressure Relief Function | — | — | ● | ● |
| Ramp Starting Pressure | ● | ● | ● | ● |
| Auto Altitude Adjustment | (Manual) | ● | ● | ● |
| Leak Compensation | ● | ● | ● | ● |
| Low Pressure Alarm | — | ● | ● | ● |
| Data Collection by SD Card | — | ● | ● | ● |
| Efficacy Reporting (AHI, Leak) | — | — | ● | ● |
| Compliance Reporting | ● | ● | ● | ● |
| Remote Update of Pressure Setting | — | — | ● | ● |
| Clock/Alarm Function | — | ● | ● | ● |
| Integrated Heated Humidifier | ● | ● | ● | ● |

Apex Medical Corp.

# PVA Pressure Variation Algorithm

The PVA Pressure Variation Algorithm is a technology designed to provide relief to patients who experience CPAP pressure discomfort by reducing pressure at the start of exhalation and return to the prescribed pressure at the commencement of inhalation.

Pressure can be reduced by three different level settings, allowing the delivery of prescribed pressure at a time when the patient needs it most without compromising comfort and compliance.  The PVA technology is available on CPAP and APAP modes.



❶ Reduce pressure during the transition from Inspiration to Expiration.

❷ Maintain lower pressure level (depending on the PVA setting) during Expiration phase.

❸ Return to therapeutic pressure in the end of Expiration phase.



**PVA and apnea detection**
In order to ensure the effectiveness of CPAP therapy, PVA will be automatically suspended if apneas are detected. After apneas disappear, PVA will re-start.

# Auto-adjusting Algorithm

The APEX clinically approved auto-CPAP device employs proprietary, precision algorithms to optimize treatment by adjusting air pressure to the lowest, most comfortable levels, while still maintaining effective, appropriate therapy. Clinical trials have consistently demonstrated how the APEX auto-CPAP can reduce AHI levels below 5.0 and increase Sp02 levels above 95%, while allowing patients to rest comfortably throughout the night.





* T is a leading company of CPAP products.

# Easy Compliance Software:
## meeting the demands for Retrieving Comprehensive Sleep Data

The SD card is a simple, secure and effective way to access patients' compliance and data. Retrieving the patient's recorded sleep data is simple and efficient. The Easy Compliance Software produces comprehensive reporting and mapping information for clinicians and home care providers to understand the needs of their patients.

Efficacy and usage compliance data are key factors in determining therapy solutions. The Apex XT series CPAP has been designed to provide an easy-to-use interface for the professional, which will improve patient outcomes, communicate the benefits of this clinically effective technology and reduce follow-up costs.





Apex Medical Corp.



# XT Heated Humidifier

XT Heated Humidifier is integrated with XT series CPAP system. It has 6 heating levels to provide the most optimal humidification according to individual needs. The large reservoir capacity ensures sufficient humidification for 8 hour sleep.



## Specifications

| Model | XT Fit | XT Sense | XT Prime | XT Auto |
|---|---|---|---|---|
| Power Supply | 100 - 240V, 50 / 60Hz, Universal power supply | | | |
| Dimension ( W x D x H ) | 5.8" x 5" x 3.9" ( 14.8 cm x 12.8 cm x 10 cm ) | | | |
| Weight | 1.76 lb ( 800 g ) | | | |
| Pressure Range ( cmH$_2$0 ) | 4.0 - 20.0  ( 0.5 cmH$_2$0 increment ) | | | |
| Ramp Time ( min ) | 0 - 45  ( 5 min increments ) | | | |
| Sound Level ( ISO17510-1 ) | 28 dBA | | | |
| Data Storage : Summary Data | N/A | 730 sessions | 730 sessions | 730 sessions |
| Efficacy Data ( AHI, Leak ) | N/A | N/A | 18 sessions ( or cumulative 72 hours ) | 18 sessions ( or cumulative 72 hours ) |

| Model | XT Heated Humidifier |
|---|---|
| Power Supply | 100V - 240V, 50 / 60Hz, Universal power supply |
| Dimensions ( L x W x H ) | 10" x 6.8" x 5.8" ( 25.5 cm  x 17.2 cm x 14.6 cm ) |
| Weight | 1.37 lb ( 620g ) |
| Reservoir Capacity | 450ml |
| Humidity Output ( ISO 8185 ) | ≥ 10 mgH2O / L |
| Max. Heater Plate Temperature | 70°C ( 158°F ) |

## Ordering Information  ( For North  America Only )

| Description | ▶ XT Fit CPAP Device Only Order No. | Core Package (Includes heated humidifier) Order No. | ▶ XT Sense CPAP Device Only Order No. | Core Package (Includes heated humidifier) Order No. |
|---|---|---|---|---|
| US Plug | SF01101 | SC01101 | SF02101 | SC02201 |

| Description | ▶ XT Prime CPAP Device Only Order No. | Core Package (Includes heated humidifier) Order No. | ▶ XT Auto CPAP Device Only Order No. | Core Package (Includes heated humidifier) Order No. |
|---|---|---|---|---|
| US Plug | SF03101 | SC03201 | SF04101 | SC04201 |

| Accessories | | Accessories | |
|---|---|---|---|
| SF00001 | 6' CPAP Tubing | SF00013 | DC to AC Inverter, 12V (US Plug) |
| SF00002 | SD Card | SH00001 | Water Chamber |
| SF00003 | Filter (5 per pk) | | |
| SF00006 | Carrying Bag | | |
| SF00008 | USB Cable | | |

Package includes a carrying bag, 6' tubing, power cord, SD card, USB cable and a user manual.
(XT Fit doesn't include SD card and USB cable ; XT Sense doesn't include USB cable)

**HEADQUARTERS**
Apex Medical Corp.
No. 9, Min Sheng St., Tu-Cheng,
New Taipei City, 23679, Taiwan
T +886 2 2268 3100
F +886 2 2268 6525
marketing@apexmedicalcorp.com

**EUROPE**
Apex Medical S.L.
Elcano 9, 6ª planta 48008
Bilbao. Vizcaya. Spain
T +34 94 4706408
F +34 94 4706409
info@apexmedical.es

**UK**
Apex Medical Limited
Unit 21, Optima Park, Thames  Road,
Crayford, Kent DA1 4QX
T +44 (0) 132 2520 560
F +44 (0) 132 2554 182
enquiry@apexmedicalcorp.co.uk

**MIDDLE EAST • AFRICA**
29, Misr Liltameer Building, Stree#10, AREA#8,
Sheraton Building, Heliopolis Cairo, Egypt.
T +202 2 2671303
F +202 2 2678649
raafat.wahby@apexmedicalcorp.com

**CHINA**
Apex Medical (Kunshan) Corp.
No. 1368, ZiZhu Road, Kunshan,
Jiang Su Province, China
T +86 512 8617 1660  Ext 1150
F +86 512 8617 8663
customer.cn@apexmedicalcorp.com

**USA**
Apex Medical USA Corp.
615 N. Berry St. Suite D, Brea, CA 92821, USA
T +1 714 671 3818
F +1 714 671 9040
sales.usa@apexmedicalcorp.com

**INDIA**
Apex Medicalcorp India Pvt. Ltd.
303, Third Floor Block 4A DLF
Corporate Park Phase-ill,
Gurgaon, Haryana
T +91 11 6654 4138
F +91 11 6654 4052
enquiries.india@apexmedicalcorp.com

**FRANCE**
Apex Medical France SAS
8 Blvd. de l'Epervière, 49000 Écouflant,
Pays De La Loire, France
T +33 789 229 998 / +33 786 888 135
info.france@apexmedicalcorp.com

**THAILAND**
Apex Medical Thailand
65/100 Chamnanphenjati Business Center Bldg.
11/F  Rama 9 Road, Huaykwang
Bangkok 10320
T +662 948 4848
F +662 948 4170
sales.thai@apexmedicalcorp.com

Distributed by

Print-2016/01-1500
All rights reserved Specifications may change without notice.

www.apexmedicalcorp.com

## PVA Pressure Variation Algorithm

The PVA Pressure Variation Algorithm is a technology designed to provide relief to patients who experience CPAP pressure discomfort by reducing pressure at the start of exhalation and return to the prescribed pressure at the commencement of inhalation. Pressure can be reduced by three different level settings, allowing the delivery of prescribed pressure at a time when the patient needs it most without compromising comfort and compliance. The PVA technology is available on CPAP and APAP modes.




① Reduce pressure during the transition from Inspiration to Expiration.

② Maintain lower pressure level (depending on the PVA setting) during Expiration phase.

③ Return to therapeutic pressure in the end of Expiration phase.

### PVA and apnea detection

In order to ensure the effectiveness of CPAP therapy, PVA will be automatically suspended if apneas are detected. After apneas disappear, PVA will re-start.

## Effective Auto Algorithm: Reduce AHI & Improve SpO2 via strict clinical proof

* Koji Narui, et al., ASRS, 2012, Sleep Center, Toranomon Hospital, Tokyo, Japan

AHI was significantly decreased from 44.0 ± 16.5 to normal range of 1.7 ± 1.6

MinSpO2 was significantly improved from 80.7 ± 4.9 % to 92.3 ± 3.7 %



Easy assembly and disassembly of the water chamber with a simple hook and lock design



Clear backlit LCD display and intuitive user interface for easy operation




Small footprint to be easily packed into carry-on luggage

**HEADQUARTERS**

Apex Medical Corp.
No. 9, Min Sheng St., Tu-Cheng,
New Taipei City, 23679, Taiwan
T +886 2 2268 5588
F +886 2 2268 6525
marketing@apexmedicalcorp.com

**PAN-ASIA**

**TAIWAN**
Apex Medical Corp.
No. 9, Min Sheng St., Tu-Cheng,
New Taipei City, 23679, Taiwan
T +886 2 2268 5600 /0800 054 133
F +886 2 2268 6526
customer@apexmedicalcorp.com

**CHINA**
Apex Medical (Kunshan) Corp.
No. 1368, ZiZhu Road, Kunshan,
Jiang Su Province, China
T +86 512 8617 1660  Ext 1150
F +86 512 8617 8663
customer.cn@apexmedicalcorp.com

**INDIA**
Apex Medicalcorp India Pvt. Ltd.
303, Third Floor Block 44 DLF
Corporate Park Phase-III,
Gurgaon, Haryana
T +91 11 6654 4138
F +91 11 6654 4052
enquiries.india@apexmedicalcorp.com

**THAILAND**
Apex Medical Thailand
65/100 Chamnanphenjati Business Center Bldg.
11/F  Rama 9 Road, Huaykwang
Bangkok 10320
T +662 948 4848
F +662 948 4170
sales.thai@apexmedicalcorp.com

**MIDDLE EAST + AFRICA**
29, Misr LittamEer Building,
Street10, AREA#8, Sheraton Building, Heliop-
olis Cairo, Egypt.
T +202 2 2671303
F +202 2 2678849
raafat.wahby@apexmedicalcorp.com

**EUROPE**

**SPAIN**
Apex Medical S.L.
Elcano 9, 6º planta 48008
Bilbao. Vizcaya. Spain
T +34 94 4706408
F +34 94 4706409
info@apexmedical.es

**UK**
Apex Medical Limited
Unit 21, Optima Park, Thames Road,
Crayford, Kent DA1 4QX
T +44 (0) 132 2520 560
F +44 (0) 132 2554 182
enquiry@apexmedicalcorp.co.uk

**FRANCE**
Apex Medical France SAS
8 Blvd. de l'Eperviére,
49000 Ecouflant,
Pays De La Loire, France
T +33 2 72 79 27 13
F +33 2 85 73 07 67
info.france@apexmedicalcorp.com

**GERMANY**
SLK Vertriebsgesellschaft mbH
Lindenhorster Straße 38-40 44147
Dortmund
T +49 (0)231-925360-175
F +49 (0)231-925360-29
info@slk-gmbh.de
www.slk-gmbh.de

**AMERICA**

**USA**
Apex Medical USA Corp.
927 Mariner Street,
Brea, CA 92821, USA
T +1 714 671 3818
F +1 714 494 8173
sales.usa@apexmedicalcorp.com

Distributed by

Print-2018/02
All rights reserved.Specifications may change without notice.

www.apexmedicalcorp.com



# iCH series
## Continuous Positive Airway Pressure

Providing comfortable and flexible therapy modes, the iCH series CPAP system with it's stylish and attractive design is the perfect partner to support you and your prescribed treatment goals. The integrated heated humidifier provides comfortable, quiet and reliable therapy and for people on the move, this CPAP therapy system is lightweight, compact and very sleek. The iCH is a CPAP that doesn't look like a CPAP; its elegant design allows you to place it anywhere in your home.

Care for a Healthy Life





Holistic Healthcare Formula

# [Compliance]³+[Elegance]=Lifestyle

The launch of the iCH series CPAP by Apex introduces a modern and exciting concept: The Holistic Healthcare Formula [Compliance]³+[Elegance]=Lifestyle

## [Compliance]³

An alternative definition to enhance the improvement of CPAP therapy and improve the patient's well-being is no longer a myth. Upholding the advancement of patient's lifestyles and improving clinical conditions, iCH compliance technology has:

1. Stable and precise pressure output    2. PVA pressure relief technology    3. Efficient humidification delivery

## [Elegance]

The iCH CPAP system has been designed to merge effortlessly into your life and your home. Stylish and aesthetically appealing, iCH CPAP therapy promotes psychological and social confidence in the provision of effective therapy.

Simple and functional when delivering compliance; iCH enhances all aspects of the Holistic approach, enabling freedom in lifestyle and improved quality of life.

## iCH Integrated CPAP with Heated Humidifier

- Anti back-flow mechanism preventing water spillage.
- SD card and USB connection for data retrieval.
- Enhanced algorithm for improved compliance.
- Stylish, high-quality design.
- Lightweight and compact.
- Extremely quiet and discreet.



Features Overview

| Model | iCH Sense | iCH Prime | iCH Auto |
|---|---|---|---|
| Auto-Adjusting Pressure | — | — | • |
| PVA Pressure Relief | — | • | • |
| Compliance Information on Display | — | • | • |
| Efficacy Reporting (AHI, Leak) | — | • | • |
| Compliance Hours Reporting | • | • | • |
| Leak Compensation | • | • | • |
| Low Pressure Alarm | • | • | • |
| Dual Downloading Ports (SD cards & USB cable) | • | • | • |
| Auto Altitude Adjustment | • | • | • |
| Clock/Alarm Function | • | • | • |
| Easy Gateway Adapter(Compatible) | — | • | • |

## Easy to use

- Compliance information on display
  » Statistics Period (Last night, 7 days, 30days, 90 days)
  » Total compliance hours , Average compliance hours per day , Compliance Days>4hrs, AHI , Average pressure, Average leak rate
- Hidden handle for easy pick-up and carry

## Easy Compliance Software: meeting the demands for Retrieving Comprehensive Sleep Data

The SD card is a simple, secure and effective way to access patients' compliance and data.  Retrieving the patient's recorded sleep data is simple and efficient. The Easy Compliance Software produces comprehensive reporting and mapping information for clinicians and home care providers to understand the needs of their patients.

Efficacy and usage compliance data are key factors in determining therapy solutions. The Apex XT series CPAP has been designed to provide an easy-to-use interface for the professional, which will improve patient outcomes, communicate the benefits of this clinically effective technology and reduce follow-up costs.

 

Specifications

| Model | iCH Sense/iCH Prime/iCH Auto |
|---|---|
| Pressure Range (cmH₂O): | 4.0 - 20.0 (0.5 cmH₂O increment) |
| Ramp Time (min): | 0-45 (5 min increment) |
| Ramp Starting Pressure (cmH₂O): | 4.0 to Therapy Pressure (0.5 cmH₂O increment) |
| Data Storage: | 730 summary sessions |
|  | 18 detailed sessions (not available for iCH Sense) |
| Sound Level: | ≤28 dBA |
| Humidification: | Patient-adjustable; 6 settings |
| Water Capacity: | 300 ml |
| Dimensions (W x D x H): | 6.5" x 7.8" x 6.9" (16.5 cm x 19.7 cm x 17.4 cm) |
| Weight: | 2.51 lbs (1.14kg) |
| Power Supply: | AC: 100V-240V, 50/60Hz, universal power supply |
|  | DC: 24V |
| Operating Range: | +5 °C to +35 °C (+41 °F to +95 °F) ; 15% to 95%RH non-condensing |
| Storage Range: | -15 °C to +50 °C (+5 °F to +122 °F) ; 10% to 90%RH non-condensing |
| EN60601-1 Classification: | Class II, Type BF, IP21, IEC 60601-1-2 EMC Compatibility |

*Measured in accordance with ISO 17510 & ISO 8185
*Pressure stability and humidity output specifications in compliance with German Heil & Hilfsmittel Verzeichnis

Ordering Information  | For North  America Only |

| REF No. | Product Descriptions | Accessories | |
|---|---|---|---|
| SF07109 | iCH Auto and SD card | SH00002 | Water chamber |
| SF08109 | iCH Prime and SD card | SF00001 | 6' CPAP Tubing |
| SF05109 | iCH Sense and SD card | SF00002 | SD card |

**HEADQUARTERS**

Apex Medical Corp.
No. 9, Min Sheng St., Tu-Cheng,
New Taipei City, 23679, Taiwan
T +886 2 2268 5568
F +886 2 2268 6525
marketing@apexmedicalcorp.com

**PAN-ASIA**

**TAIWAN**
Apex Medical Corp.
No. 9, Min Sheng St., Tu-Cheng,
New Taipei City, 23679, Taiwan
T +886 2 2268 5600 /0800 054 133
F +886 2 2268 6526
customer@apexmedicalcorp.com

**STURDY INDUSTRIAL**
168, Sec.1, Zhongxing Road, Wugu District,
New Taipei City 24872, Taiwan
T +886 2 2981 5245
F +886 2 2984 8208
foreign@sturdy.com.tw
www.sturdy.com.tw

**CHINA**
Apex Medical (Kunshan) Corp.
No. 1368, ZiZhu Road, Kunshan,
Jiang Su Province, China
T +86 512 8617 1660 Ext 1150
F +86 512 8617 8663
customer.cn@apexmedicalcorp.com

**INDIA**
Apex Medicalcorp India Pvt. Ltd.
303, Third Floor Block 4A DLF
Corporate Park Phase-III,
Gurgaon, Haryana
T +91 11 6654 4138
F +91 11 6654 4052
enquiries.india@apexmedicalcorp.com

**THAILAND**
Apex Medical Thailand
65/100 Chamnanphenjati Business Center Bldg.
11/F  Rama 9 Road, Huaykwang
Bangkok 10320
T +662 948 4848
F +662 948 4170
sales.thai@apexmedicalcorp.com

**MIDDLE EAST • AFRICA**
29, Misr Lilltameer Building,
Street#10, AREA#8, Sheraton Building, Heliop-
olis Cairo, Egypt.
T +202 2 2671303
F +202 2 2678649
raafat.wahby@apexmedicalcorp.com

**PAN-EUROPE**

**SPAIN**
Apex Medical S.L.
Elcano 9, 6º planta 48008
Bilbao, Vizcaya. Spain
T +34 94 4706408
F +34 94 4706409
info@apexmedical.es

**UK**
Apex Medical Limited
Unit 21, Optima Park, Thames  Road,
Crayford, Kent DA1 4QX
T +44 (0) 132 2520 560
F +44 (0) 132 2554 182
enquiry@apexmedicalcorp.co.uk

**FRANCE**
Apex Medical France SAS
8 Blvd. de l' Eperviére,
49000 Ecouflant,
Pays De La Loire, France
T +33 2 72 79 27 13
F +33 2 85 73 07 67
info.france@apexmedicalcorp.com

**GERMANY**
SLK Vertriebsgesellschaft GmbH
Lindenhorster Straße 38-40 44147
Dortmund
T +49 (0)231-925360-175
F +49 (0)231-925360-29
info@slk-gmbh.de
www.slk-gmbh.de

**AMERICAS**

**USA**
Apex Medical USA
927 Mariner Street,
Brea, CA 92821, USA
T +1 714 671 3818
F +1 714 494 8173
sales.usa@apexmedicalcorp.com



# Serene Air
## True Low Air Loss and Alternating Pressure Redistribution System

- Suitable for vulnerable patients with high to very high risk for pressure ulcers
- True low air loss for patients' upmost comfort
- A high performance blower provides >120 lpm of air loss from mattress for effective microclimate control
- Maximum patient weight up to 920lb (48" mattress)

   

Distributed by

Print-2019/03-500
All rights reserved

www.apexmedicalcorp.com

Care for a Healthy Life





# Serene Air

## True Low Air Loss and Alternating Pressure Redistribution System



15sec

**Pulsation Mode** Periodically increase and decrease the whole mattress air volume every 15 seconds to encourage lymph and blood flow to accelerate oxygenation.

## Pressure Relief During Alternating

Pressure mapping reveals that in alternating mode, bladder A & B take turns to inflate and deflate can significantly relieve the body pressure





**Easy Storage**
With snap fit buckle strap, the system can be wrapped into a compact size for storage



**Ventilated Low Air Loss**
Wicks moisture away to keep the patient comfortable



**Visual and Audible Alarm**
- Low Pressure
- Power Failure
- Tech Support



**True Low Air Loss with Blower System**



**Carrying bag**
A handy carrying bag is provided with each system




**Zipper-all-Around Cover**
With two way zipper reduce ingress of unwanted fluid and simply one step to remove for cleaning



**4-Way Stretch PU Cover**
Fluid resistant, low shear and vapor permeable helping protect this skin from friction and moisture

  
Water Resistance　Flame Resistance　Biocompability


  
Fungistatic　4-Way Stretch　Vapour Permeable



**Power Outage Protection**
System includes individual air cells over a 2" foam base pocket for power outage protection
(Foam is not included)



**Cable Management**
For a safety operational environment

**CPR**
Quickly deflate the mattress during emergencies

**6 Modes to Fulfill Individual Needs**
- Max Firm
- Alternating
- Continuous Low Pressure [CLP]
- Seat Inflation w/ Alternating
- Seat Inflation w/ CLP
- Pulsation mode





Serene Air — Continuous True Low Air Loss System

4 Cycle time　　10 Comfort Levels

## Specification

| Model | | Serene Air | | |
|---|---|---|---|---|
| Pump | Dimension | 12.3" x 10.2" x 6.3" / 31.2 x 26 x 16 cm | | |
| | Weight | 11.0 lb / 5.0 Kg | | |
| | Case Material | Flame retardant ABS | | |
| | Supply Voltage | AC 110-120V 60Hz, 4.5A | | |
| | Operating Cycle | 5/10/15/20 min. selectable | | |
| Mattress | | 8" Mattress with 2" Foam pocket (Foam is not included) | | |
| | Dimension | 78.7" x 35.4" x 8" | 78.7" x 42" x 8" | 78.7" x 48" x 8" |
| | | 200 x 90 x 20.3 cm | 200 x 107 x 20.3 cm | 200 x 122 x 20.3 cm |
| | Cell Height | 8" x 20 cells | 8" x 22 cells | 8" x 26 cells |
| | Weight | 16.5 lb / 7.5 Kg | 18.8 lb / 8.5 Kg | 21.0 lb / 9.5 Kg |
| | Material | Cover: 4-Way Stretch; Cell: Nylon/TPU; Base: Nylon/PU | | |
| | Maximum Patient Weight | 400 lb / 200 kg | 650 lb / 320 kg | 920 lb / 450 kg |
| | Flame Retardant Standards | EN 597-1 & EN 597-2 | | |
| HCPCS code | | E0277 | | |

*Specifications are subject to change for improvement without notice*

## Ordering Information (For North America Only)

| Model | | Serene Air | | |
|---|---|---|---|---|
| | | 36" | 42" | 48" |
| System | With Stretch Cover | PL01601 | PL01603 | PL01605 |
| | With Quilted Cover | PL01602 | PL01604 | PL01606 |
| Mattress | With Stretch Cover | PM10401 | PM10501 | PM10601 |
| | With Quilted Cover | PM10402 | PM10502 | PM10602 |
| Pump | | PL01001 | | |

NO. <u>348-322690-21</u>

| | | |
|---|---|---|
| **MARIA OLGA CASTILLO** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **V.** | § | **348TH JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **WALMART      STARCO,      LLC,** | § | |
| **WALMART STORES TEXAS, LLC,** | § | |
| **APEX   MEDICAL   USA   CORP.,** | § | |
| **APEX   MEDICAL   CORP.,   CAREX** | § | |
| **HEALTH   BRANDS,   INC.,   and** | § | |
| **COMPASS HEALTH BRANDS** | § | |
| | § | |
| **Defendants.** | § | **OF TARRANT COUNTY, TEXAS** |

**<u>PLAINTIFF'S MOTION FOR PARTIAL NONSUIT WITH PREJUDICE AS TO</u>**
**<u>DEFENDANT APEX MEDICAL USA CORP. ONLY</u>**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Maria Olga Castillo, Plaintiff in the above-styled and numbered cause, and files this Motion for Partial Nonsuit with Prejudice as to her claims against Defendant Apex Medical USA Corp., and would show unto the Court the following:

Plaintiff, Maria Olga Castillo, no longer wishes to pursue her causes of action against Defendant Apex Medical USA Corp., and asks the Court to enter a nonsuit on all claims against Defendant Apex Medical USA Corp., with prejudice.

This non-suit does not extend to or affect the remaining Plaintiff's claims against the remaining Defendants.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that the Court grant this Motion for Nonsuit, dismiss Defendant Apex Medical USA Corp., from the above-styled and numbered cause with prejudice to the rights of either party, and for such other and further relief,

at law or in equity, to which she may justly be entitled.

Respectfully submitted,

By: */s/ James M. Murrell*
Jim R. Ross
State Bar No. 24010362
James M. Murrell
JIM ROSS LAW GROUP, P.C.
2221 E. Lamar Blvd., Suite 800
Arlington, Texas 76006
Telephone:  (817) 275-4100
Facsimile:  (817) 275-4106
Email: litigation@jimrosslaw.com

*Attorneys for Plaintiff*
*Maria Castillo*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served via electronic service on all parties of record on February 1, 2021.

*/s/ James M. Murrell*
James M. Murrell